## Commonwealth v. Weaver.   No. 2.

*Criminal law and procedure — Evidence — Contradiction of defendant — Silence.*

Upon the trial of one indicted for larceny and receiving stolen goods, where the defendant testified that his father knew how the property came into his possession, it was competent to contradict that testimony by the evidence of a witness that the father had stated to him, in the presence of the defendant, that he knew nothing about the property, and the defendant had at that time remained silent.

Motion in arrest of judgment and for a new trial.   Q. S. Dauphin Co., June Sess., 1922, No. 48.

*Robert T. Fox,* Assistant District Attorney, for Commonwealth.

*James G. Hatz* and *Herman Berg,* for defendant.

HARGEST, P. J., Oct. 9, 1922.—Although there is a motion, both for a new trial and in arrest of judgment, there is nothing, either in the reasons or the argument, upon which a motion in arrest of judgment could be based.

In support of the motion for a new trial, the usual reasons are set out, that the verdict is against the law, the evidence, the weight of the evidence and the charge of the court. None of these reasons have been pressed, but, even if pressed, they could not be sustained.

It is urged, however, that the court erred in permitting the prosecuting witness to testify to a conversation which he had with the defendant's father. The defendant testified that his father knew how the tires, which he was charged with stealing, came into his possession, and that his father was unable to be in court because of serious illness. The prosecuting witness was called in rebuttal by the Commonwealth to show that he had a conversation with Calvin Weaver, the father, in the presence and hearing of the defendant, and that Calvin Weaver stated that he did not know the tires were on the premises nor how they came to be there.

We think this evidence was entirely competent to contradict the defendant and to rebut the inference of innocence to be drawn from the defendant's testimony, that the father knew how the tires came into the defendant's possession. If the jury believed that the father stated that he knew nothing about the tires, and that the defendant, being present, remained silent, they might take the fact of his silence into consideration.

A statement made in the presence or hearing of the party sought to be charged by the statement is admissible (22 Corpus Juris, § 358), and "the silence of one party, when the other asserts a fact, is evidence of the truth

2 D. & C.

of the assertion to go to the jury:" McClenkan v. McMillan, 6 Pa. 366; Irish v. Smith, 8 S. & R. 573; Henry's Trial Evidence, § 74, and notes.

For these reasons, we are convinced that no error was committed.

The motion in arrest of judgment and for a new trial is hereby overruled and the District Attorney directed to move for judgment on the verdict.

From William Jenkins Wilcox, Harrisburg, Pa.