# BROWN v. BROWN.

1. In detinue, on proof of demand and refusal, to deliver the property, it is not competent to prove what the defendant said in relation to his title, to the property in controversy.

2. A witness, who has an interest in the event of the suit, may be rendered competent by release, from the person to whom he may be liable—and a delivery by the releasor to the releasee, personally, is not necessary—it may be filed in court.

3. Adverse possession of personal property in this State, for six years, will give a title to the possessor—or, if such possession is had in any other State, a sufficient time to bar an action for the recovery of the property, by the laws of such State.

4. The judgment of the Court, in detinue, should be for the recovery of the speific property, or its value assessed by the jury, in the alternative.

ERROR to the Circuit Court of Greene county.

Beverly Brown brought an action of *detinue* against John Brown, in the Circuit Court of Greene county, to recover a negro man. The defendant relied on the plea of *non detinet*. On the trial of the cause, the defendant excepted to the opinion of the court, to the following effect:

The plaintiff having proved that, a short time before the commencement of the action, he demanded the negro, sued for, of the defendant, who refused to deliver him—the defendant's counsel, in cross-examining the witness, asked him to state the conversation which then took place between the plaintiff and defendant, in relation to said negro, and the title to him; and the manner in which the defendant obtained the possession of him; to which question the plaintiff objected; the court refused to allow the question to be propounded, and excluded the evidence of said conversation from the jury; and to that opinion the defendant excepted.

The defendant proved that the negro in controversy had formerly been the property of one Sarah Rainy, the mother of the plaintiff and defendant, in South-Carolina, who was then, and still is, the wife of one Thomas Rainy, now living—that the plaintiff claimed said negro by gift from his said mother—and the defendant then proved a bill of sale executed to him for said negro, by said Thomas Rainy and Sarah Rainy, containing a warranty of

title of said negro to said defendant. The defendant then proposed to read, in evidence to the jury, the deposition of said Thomas Rainy, duly taken; to which said plaintiff objected on the ground that said Thomas Rainy was interested in the event of the suit; and the defendant then proposed to prove, that he had released said Thomas Rainy from all liability on account of his said warranty of title, by answer of said Rainy, in his said deposition, in which the witness, in answer to a question to him, as to whether defendant had released him, and requesting him, if said release had been given, to append said release, or a copy of it to his deposition; stated that the defendant had so released him, and that such release was delivered to him before he was sworn and examined, and a copy of said release appended to the deposition; but the court decided that such evidence of a release was not admissible, but that it was incumbent on the defendant to produce the original release. The defendant then offered to prove, that he, being in the State of Alabama, and said witness in the State of South-Carolina, in order to make said witness competent in this cause, had executed a release to said Thomas Rainy in duplicate; that he filed, in the clerk's office of Greene county, said release, before taking out the commission to take said witnesses' deposition, and that he also signed and sealed a counterpart of said release, and sent it on to the commissieners, appointed to take the deposition of said witness, to be delivered to him, before he was sworn and examined; and that the copy of the release, appended to the deposition of said witness was a correct copy of the one so sent on; and said defendant further offered to prove the signing and sealing of said release, and filing it in the clerk's office, as aforesaid; all of which evidence the court excluded, on the ground that there was no evidence that the same had ever been delivered to said Rainy, personally, or that he knew of its existence; and the court also excluded the deposition of said Rainy from the jury, and the defendant excepted to the opinion.

The plaintiff having introduced evidence conducing to show, that he had *had* possession of said slave more than six years—during a part of that time in the State of South-Carolina, and the remainder of the time in the State of Mississippi, but no evidence having been given, that said plaintiff ever had possession of said slave in the State of Alabama—the court charged the jury, that six years adverse possession of the slave would give the plaintiff

a good title to him, against the defendant, and that it made no difference, whether such possession was had in the State of Alabama, or in other States ; to all which the defendant excepted.

The jury found a verdict for the plaintiff, assessing the value of the slave at $700, and damages at $975 ; upon which verdict, the court rendered judgment " that the plaintiff recover of the defendant the sum of seven hundred dollars, being the value of the slave Charles, and also the sum of nine hundred and seventy-five dollars, for his damages, as his hire for slave Charles, by the jurors aforesaid assessed, and also the costs, &c."

From that judgment, this writ of error is prosecuted by the plaintiff in error (defendant below) who makes the following assignment :

1. The court erred in excluding from the jury, the conversation between the plaintiff and defendant, at the time the demand of the slave was made, when the same was demanded by the plaintiff in error, upon cross-examination.

2. The court erred in excluding the deposition of Thomas Rainy from the jury, and in the opinion, that the proof of *release* of *interest*, was insufficient.

3. The court erred in the charge to the jury, that adverse possession for six years, whether such possession was had in other States, and not in the State of Alabama, was sufficient to give the defendant in error a good title to the slave.

4. The verdict and judgment are erroneous, because not in the alternative.

Murphy & Jones, for the plaintiff in error.

CLAY, J.—The bill of exceptions, in this case, presents three points for the consideration of the court, under the plaintiff's assignment of errors.

1. The first is, whether the court below erred in excluding evidence of the conversation, which ensued the demand of the slave, to recover which the action is instituted, and the refusal of the defendant, below, to deliver him. It appears the defendant's counsel, on cross-examination, asked the witness to state the conversation which then took place between the parties, in relation to the negro, and the title to him.

While, on the one hand, a party of whom property is demand-

Brown v. Brown.

ed, may state any reasonable excuse, for refusing to deliver it—as, for example, that the property has been found, and he must have evidence of the demandant's ownership, before its delivery; or that he holds the property under a bailment from another, who claims title, and the like: on the other hand, we must be careful not to infringe another salutary principle—which is, that no one shall be permitted to give or make evidence for himself. Here, the question went, not only to the conversation, in relation to the slave, but, also, the title to him: consequently, the defendant would have been availing himself of his own statements and declarations, in support of his title. In the case of Dent & Cade v. Chiles' adm'r, [5 Stewart & Porter, 383] the plaintiff in an action of trover, had proved a demand of the property; and the defendants offered to prove, by the same witness, the reply they made, at the time of the demand. The court below excluded this testimony, and was sustained in that opinion by this court. In the case of St. John, surv. v. O'Connel, surv. for the use, &c. [7 Porter, 474,] which was an action of trover, to recover for the conversion of two promissory notes; the plaintiffs, on the trial, in the court below, proved a demand of the notes; on cross-examination, the witness was asked what answer was made by the defendants; the court excluded the evidence, and on exception to the opinion, the question was brought before this court. In the opinion delivered by the court, the case of Dent & Cade v. Chiles, adm'r, was cited, and the principle laid down in that case fully sustained. The result of all the authorities, we have examined is, that a party, of whom property is demanded, may prove *a qualified* refusal—whatever may amount to *a reasonable excuse* for the non-delivery of the property; but he cannot be permitted to prove any of his own declarations of title, or property, in the thing demanded: that would be allowing him to make evidence for himself.

2. The next question is, did the court err in the exclusion of the deposition of Thomas Rainy?

The defendant in the court below, claimed under a bill of sale, with warranty of title, made by Rainy and another person: the objection was that he was interested, and therefore incompetent. But the defendant proved, or offered to prove, that he had executed a release, in duplicate, one copy of which he had filed in the clerk's office of Greene county, before the commission was taken

out to take the deposition of the witness ; and that the other had been sent to the witness in South Carolina, with a request, that he would append to his deposition, either the original release, or a copy; the witness did append a copy, and testified, that he had received the original, before he gave his testimony. The court below excluded the evidence on the ground, that *it was not shewn that the release had been delivered to Rainy personally, or that he knew of its existence.*

In this opinion, we think, the court erred : there was compe- tent and sufficient evidence of Rainy's release, and his evidence should have been admitted. In Greenleaf on Evidence, 475–6, it is laid down, that " it is *not necessary* that the release be *actu- ally delivered*, by the releasor into the hands of the releasee. It may be deposited in court for the use of the absent party. Or, it may be delivered to the wife, for the use of the husband." We think this doctrine just and reasonable. When a witness has been interested, it is enough, that he has been so released, by the party to whom he was responsible, that he is no longer liable, and that he knows he is so released. Here the party offered to prove the execution of duplicate releases ; one of which was filed in the clerk's office, and ready to be produced and proved, and the counterpart proved by the witness, to have been received by him, before he gave his evidence, and a copy thereof appended to his deposition. The evidence could not well have been more full as to the execution of the release and its delivery, when the parties resided so remote from each other.

3. The result of our examination of the second point, would dispose of the case here ; but, as it must be remanded, it is pro- per that we should notice the charge of the court, which was in effect, that adverse possession for six years, although such pos- session may have been had in other States, and not in the State of Alabama, was sufficient to give the plaintiff below a good title to the slave.

The true principles, which govern this question, were laid down in the case of Goodman v. Munks. [8 Porter, 84.] In regard to *remedies*, for the enforcement of contracts, or to obtain compensation for a breach, they are to be regulated and pursued according to the *lex fori*, and not the law of the place, where they are made. But the *nature, validity, construction,* and *effect* of contracts, are to be ascertained by the *lex loci contractus*—and

that law is considered as much a part of the contract, as if it were expressly inserted in it. Here, the plaintiff below relied on evidence of his adverse possession for six years—not in Alabama—nor did he prove such possession in any one State, for a sufficient length of time, to constitute a bar to a recovery in that State, so far as any thing is shewn by the record, If, for example, the plaintiff had shewn such a possession for four or six years, in South-Carolina, or in Mississippi ; and that, by the laws of South Carolina, or Mississippi, a possession for the length of time, proved in either, would have protected his title, or barred a recovery against him ; or if the length of his possession in Mississippi, added to that in South-Carolina, had been shown sufficient to constitute a bar, under the laws of Mississippi, the charge of the court below would have been correct. But such is not the state of facts shewn by the record. The court held, that such adverse possession would give the plaint.ff a title, in whatever other States held. The rule, as laid down by this court in the case of Goodman v. Munks, before cited, is, that when personal property has been adversely holden in one State, for a period beyond that prescribed by the laws of that State, as constituting a bar to recovery, and after that period has elapsed, the possessor removes into another State, which has a longer period of prescription, the original holder cannot successfully assert a title in the latter State against the possessor. [See the case of Goodman v. Munks, 8 Porter, 94–5, and the cases there cited.]

Such being our view of the authorities, we think the charge of the court below was erroneous.

4. In regard to the last assignment of errors—the judgment not being entered in the alternative—there is error. But, the verdict being properly rendered, the judgment could be very easily and safely amended. It is, however, unnecessary to examine this point. For the errors before noticed, the judgment of the court below must be reversed, and the cause remanded.