Grant v. Cole & Co.

8    519
109   697
8    519
113   573

## GRANT v. COLE & CO.

1. The fact that a merchant and his clerks kept correct books, and charged promptly all articles purchased at the store—that certain articles charged, were suitable to the wants of the defendant's family—that he traded with the plaintiffs, and was frequently at their store, are too remote to justify the presumption that a particular account is correct.
2. Entries upon the books, may be proved by proof of the hand-writing of a deceased clerk.
3. The " account," or statement of the items of charge, by the plaintiffs, is inadmissible as evidence to go to the jury.
4. A notice to one of the clerks, not to furnish goods for defendant's family, without a written order from himself, or his wife, is not notice to the principals of the house, or the other clerks.
5. To charge one for articles which he did not authorize the purchase of, but which came to the use of his family, it must appear that he knew the fact, and did not object, or offer to return them.

Error to the County Court of Dallas.

Assumpsit by the defendants, against the plaintiff in error, upon a note, and also an open account.

Upon the trial it appeared, that the plaintiff, to establish two open accounts, introduced as a witness their principal clerk, during the year 1842 and 1843, when the accounts were alledged to have been contracted, amounting in all to one hundred and seven dollars; who proved that in the early part of the year 1842,

the defendant instructed him not to sell, or charge to him any ar-
ticle whatsoever, unless purchased by himself or wife, or upon
their written order. It did not appear that further instructious
were given, or that these were communicated to the other clerks,
or the principals of the house. That defendant acted capricious-
ly, sometimes instructing not to trade with his wife, and at other
times sanctioning purchases made without his order. The wit-
ness then testified to the amount of twenty-five dollars seventy-
two cents, for goods sold to Grant and wife, and upon their or-
ders, and also testified that ten dollars twenty-five cents of the
account was in the hand writing of a deceased clerk, who he be-
lieved was accurate and correct in his entries, but knew nothing
of the facts to whom the goods were furnished.

The plaintiffs then proved by another clerk, the sale of other
articles charged in the account, bought by Grant himself,
amounting to thirty-one dollars and sixty-seven cents. They
further proved by the overseer of the defendant, that he had
purchased an auger and file, charged in the account, and
carried them to the plantation, but could not say whether defend-
ant had any knowledge of it. The plaintiff then proposed to of-
fer the accounts to the jury, as evidence, which the Court, against
the objections of defendant's counsel, permitted to go in evidence,
subject to the charge to be given; to which the defendant ex-
cepted.

The defendant moved the Court to charge the jury, that the
plaintiffs could not recover more than they had proved they had
sold to Grant and wife, in person, or to their order; which the
Court refused, and charged the jury, that the instruction of the
defendant to the clerk, was not notice to the plaintiffs, unless it
was proved they were communicated to them; and that if they
believed from the testimony, that articles were sold by the other
clerks, or by the plaintiffs, and carried on the plantation, or came
to the possession of himself and family, and thus used, and appro-
priated for their benefit, that the defendant was properly charge-
able with them. In reference to the accounts, the Court charg-
ed, that the items not proved by positive, might be established by
circumstantial testimony, such as the wants of the family; that
defendant traded considerably with plaintiff, and was frequently
in their store; the correctness, and accuracy of the plaintiffs and
their clerks as accountants, and their practice of making entries

on their day books immediately for all articles sold, but that such circumstances were entitled to but little weight, unless the articles were of the kind and description necessary for the defendant, about his plantation, and in his family. To which the defendant excepted, and which he now assigns as error.

G. W. GAYLE, for plaintiff in error.

ORMOND, J.—There can be no doubt that a merchant's account, like any other fact, may be established by circumstantial evidence; but these circumstances must not be remote, or far-fetched, but such as afford a reasonable presumption, of the facts attempted to be deduced from them. Thus, in this case, the fact that the plaintiffs and their clerks kept correct books, and charged promptly all articles purchased at the store, did not warrant the inference that the particular account was correct. Such a presumption from the facts, was a mere conjecture. The same remarks apply to the facts in evidence, that the goods charged were suitable to the wants of the family of the defendant, and that he traded considerably with the plaintiffs, and was frequently at their store. These are too general and indefinite, to warrant a particular conclusion, especially in a case, from its very nature, susceptible of precise, and definite proof.

The proof of entries upon the books, by proof of the hand-writing of a deceased clerk, was admissible evidence. [Clemens v. Patton & Co. 9th Porter, 289, and cases there cited.]

The " account," by which we understand the paper upon which the items composing the account were stated, was not testimony to the jury for any purpose, as it is the mere written declaration of the party himself. The Court therefore, erred in permitting it to go to the jury, against the objection of the defendant.

The fact that the defendant gave notice to one of the clerks of the house, not to furnish goods for his family without a written order, or the personal direction of himself or his wife, was not notice to the principals of the house or the other clerks; but we are not able to perceive the importance of this fact upon the case, from any thing stated in the record. If from the previous dealings between the defendant and the plaintiffs, he had given his children or servants a credit at the store, he certainly might limit the dealing in future, and put a stop to further credit. But in any

66

conceivable case, if the goods came to his use with his know-
ledge or consent, he would be responsible.   It would not be suf-
ficient to show that they came to his use merely—as for exam-
ple that they were purchased by his overseer for the use of the
plantation.   [Fisher & Johnson v. Campbell, 9th Porter, 210.]
But to charge him for any article which he did not authorize the
purchase of, it must be shown, that he knew the article was used
by his family, without objection, or offer to return it on his part.

Let the judgment be reversed, and the cause remanded.