## PARKER *vs.* GOLDSMITH.

1. In an action of trover, the declaration of the defendant in reply to a demand of the property, that he holds it as the guardian of a third person and that the plaintiff has no right to it, is not competent evidence in his own favor.

2. The exception to the general rule, by which the declarations of the defendant in trover in reply to a demand of the property, when they amount to a reasonable excuse or qualification of his refusal to deliver it, are allowed to go to the jury, does not apply where the possession has been tortiously acquired.

Error to the Circuit Court of Chambers. Tried before the Hon. Geo. W. Stone.

TROVER by defendant against the plaintiff in error for the conversion of a slave. Each party claimed title through John T. Goldsmith, deceased,—the plaintiff as guardian of George M. Goldsmith, her son by said deceased, and the defendant as guardian of John T. Goldsmith, a son of the deceased by a former marriage. In support of her title, the plaintiff proved the contents of a deed of gift executed by the deceased to her ward in December 1845, which the deceased delivered to his brother, but which he afterwards received from him and destroyed. It was a question in the court below whether this instrument was absolute or testamentary in its character. The defendant proved a subsequent parol gift of the same slave to his ward. The plaintiff having shown that the slave was in her possession, that the defendant had taken him out of her possession tortiously, and that she at the time forbade it and demanded the slave of him, the defendant offered *to give* in evidence his declarations in answer to the demand, viz, that he held the slave as the guardian of John T. Goldsmith, and that plaintiff had no right to him, but the court rejected it. The defendant then offered to read in evidence the last will and testament of John T. Goldsmith, deceased, but the slave in controversy not being named in it, and the defendant's counsel not pointing out its relevancy, the court excluded it from the jury.

Parker v. Goldsmith.

To the rulings of the court the defendant excepted, and now assigns them as error.

ALLISON, for plaintiff in error:

1. The declaration made by the plaintiff in error, at the time the possession of the slave was demanded, was admissible as evidence for the purpose offered. Spence v. McMillan, 10 Ala. Rep. 583; Abney v. Kingsland & Co., 10 ib. 355; Roberts v. Trawick, 13 ib. 68; Goodgame v. Cole & Co., 12 ib. 77; Gray v. Ferrell, 9 ib. 206; ib. 869; ib. 382; Brown v. Brown, 5 ib. 508; 7 Port. 464; 5 St. & Port. 383.

2. The will was admissible as evidence, for the purpose of showing whether the deed or paper conveyance of the slave, made in 1845, was intended by the grantor as a gift *in presenti*, or as a testamentary paper.

BAUGH, for defendant:

1. If it appear from the evidence that the defendant wrongfully took the plaintiff's goods, it is an actual conversion, and no request to re-deliver them need be proved. 4 Phillips on Evidence, 224.

2. If the party of whom goods are demanded refuse to deliver them, and such refusal is reasonable, as where the party making the refusal is ignorant who is the real owner of the property, and requires to be satisfied respecting the ownership, then this would not be a conversion.—4 Phil. Ev. 226. But the case at bar is different. Here the party went to plaintiff's house and took possession of the negro when forbidden, and refused to restore it when demanded.—5 Stew. & Port. 391; 7 Port. 466.

CHILTON, J.—The main question presented by this record is, whether the defendant in an action of trover is entitled to give in evidence his own declarations, made at the time a demand is made of him for the property, which declarations respect the title to the property, but by which he does not propose to show any qualified refusal to surrender it, or any excuse for not doing so. The general rule is, that an admission or declaration is not admissible in favor of the party making it.—7 Cow. Rep. 459; 2 Phil. Ev. 154, n. 165. This rule has several exceptions, growing out of the nature of the declara-

tions to be proved, and their connection and relation to some act, as constituting part of it. The cases to which the counsel for the plaintiff in error has cited the court are illustrations of some of these; but the case at bar does not come within any established exception to the general rule, and in my opinion it would be *opposed* to the well settled rules of law to allow a party who has wrongfully possessed himself of the property of another, when the controversy has been stirred and restitution of it demanded, to create by his mere declarations testimony for himself. The law wisely forbids that a man should give testimony in his own cause, except in a few cases where the Legislature has deemed necessity required a departure from the rule. Much less then ought his declarations, made when not under oath, but under temptation to pervert the truth, be received.

The true rule applicable to cases like that before us, we think is laid down in Dent et al. v. Chiles, 5 Stew. & Por. Rep. 383–392, where it was held that if the declarations of the defendant in reply to the demand amounted to a reasonable excuse or qualification of his refusal to deliver up the property, then they were competent to go to the jury, as showing that there was in fact no conversion; and it was further added that it was incumbent on the party who offered the declarations to show what they were, that the court might determine from their character whether they came within the exception. The same rule was afterwards affirmed by this court in St. John v. O'Connell, 7 Port. Rep. 466–474, and Brown v. Brown, 5 Ala. Rep. 508–511. It is obvious, however, that this exception to the rule can only apply to cases where the defendant has obtained the possession rightfully, and not where he has tortiously obtained the property in violation of the rights of the true owner: for in such case a demand is wholly unnecessary, as the tortious taking includes a conversion.—Glaze v. McMillion, 7 Port. Rep. 279–281; St. John v. O'Connell, ib. 466–479.

Applying the principles settled by the foregoing decisions of this court, it is very clear that the Circuit Court did not err in excluding the proof offered of the declarations of the plaintiff in error. The record informs us, the declarations were, that the defendant claimed to hold the slave as the guardian of John T. Goldsmith, and that he declared the plaintiff had no

right to him.   Such statements were clearly illegitimate for any purpose whatever, when offered by the party making them.

The will of John T. Goldsmith was properly rejected. The slave was not named in it, and neither party claimed any title under it.   No legitimate presumption could. therefore have been drawn from it in aid of the defendant below.   If the slave vested in the plaintiff by virtue of the deed, the subsequent acts or admissions of the grantor could not divest it, and as there was no connection whatever between the will and the deed under which the plaintiff claimed, we cannot conceive how it could have aided the court and jury in arriving at the proper construction of the deed.

Let the judgment be affirmed.