SCOTT vs. COXE'S ADM'RS.

1. When the admissibility of evidence depends upon the existence of a prelimi-
nary fact, it is the duty of the presiding judge to decide the question of its
existence, though he may, if he chooses, take the opinion of the jury upon it.

2. The fact that the plaintiff was frequently seen to purchase groceries from the
defendant, who was the only grocer in the village, does not warrant the pre-
sumption that he purchased his entire supply from him, so as to authorize proof
of the amount of groceries necessary for his family, or actually consumed by
them, during the time such purchases were being made.

3. The fact that a merchant, or grocer, employs no clerk, furnishes no reason for
dispensing with the ordinary rules of evidence in proving his accounts.

ERROR to the Circuit Court of Chambers.

Tried before the Hon. Robert Dougherty.

Assumpsit by the defendants in error against Scott, to re-
cover upon certain promissory notes made by him to their
intestate. On the trial, Scott attempted to establish an in-
debtedness of the intestate to him for articles of provisions,
liquors, &c., sold by him to the intestate in his life time.
The proof on this point, as disclosed by a bill of exceptions
taken at the trial, was, that Scott, about the 17th April, 1848,
commenced keeping a family grocery, and selling such arti-
cles as sugar, coffee, flour, salt, cheese, raisins, liquors, spices,
and all other articles of provisions usually kept in a family
grocery of the kind; that he sold usually on a credit of
twelve months to solvent purchasers; that the intestate re-
sided in the village in which this grocery establishment was
kept, but died on 22d February, 1850; that from the first of
April, 1848, until the first of February, 1850, the defendant
Scott was the only person in the village of whom such arti-
cles could be purchased, except for a portion of the year
1848, during which time there was another similar establish-
ment in the same village. It was shown that during this
time the intestate was seen to buy groceries, almost daily from
the defendant below at some times, and at other times not so
frequently; that he bought sugar, salt, flour, coffee, liquors,
and many other articles for family use, but the witness who
proved this did not know the amount or value of such arti-
cles; that the intestate's family then consisted of himself, his

wife, four children and two slaves; that he lived in good style, and frequently had company at his house, and frequently gave parties.   It was proved also that Scott had no clerk, but kept his own books, and carried on in the same house the business of retailing ardent spirits by license; that the intestate drank a great deal, and frequently bought liquors for himself and to treat his friends with, and would sometimes throw down a dollar on such occasions and take some drinks and go off, saying he would call and take out the balance.   It is recited by the bill of exceptions, that at this stage of the proof, the defendant offered to prove, by a witness who lived very near the intestate, and who was acquainted with the size of his family and mode of living, how much sugar, coffee, flour and salt, according to the judgment of the witness, it would require to supply the wants of the intestate and his family per month in the latter part of 1848 and the year 1849.   This evidence the plaintiffs moved to reject, and the court sustained the motion.

The defendant then offered by the witness aforesaid to prove how much of the above articles of provision the intestate and his family consumed during the year 1849, and this was rejected by the court as illegal.   The rejection of this evidence is the matter assigned for error.

SAMUEL F. RICE, for plaintiff in error.

1. When it is proved that the owner of a family grocery has furnished a person for a definite period with family groceries, and that the owner of the grocery had no clerk during the time, and that the family of the person so furnished with such family groceries consisted of himself, his wife, his four children and two slaves, &c., &c., &c., and when there is no direct or positive proof of *the quantity* of the articles so bought from such grocery, the law will permit a witness who *lived very near* to the purchaser of such articles during the period whilst the purchaser was getting the articles, and *who knew his mode of living, and the size of his family*, to state to the jury *how much* of such articles, according to the judgment of the witness, it would require to supply the wants of such purchaser and his family per month.

And the law will also permit such witness to state to the

jury how much sugar, coffee, salt and flour, according to his judgment, such purchaser consumed for the use of his family in the year 1849, especially after it had been proved, in addition to the above facts, that there was no other family grocery in the town where all the parties resided in the year 1849, and that the purchaser was seen by witnesses buying groceries at this only grocery almost daily, &c., and that the purchaser himself is dead.

If such evidence is rejected, how can a grocer, who has no clerk, and sells on credit, ever prove his account after his customer dies? Such a case does not admit of higher or better evidence or more satisfactory proof, than was offered and rejected in the present suit. Rembert et al. v. Brown, 14 Ala. Rep. 365, and cases there cited; Chenault v. Walker, 14 Ala. Rep. 151; Com. v. Thompson, 3 Dana, 301.

No counsel for the defendants.

CHILTON, J.—The court properly rejected the evidence offered. If admissible in any aspect, it could only have been received upon the hypothesis that all the articles which were consumed by the intestate and his family, or which were required to supply the family, were purchased of Scott, during the period when the intestate was in the habit of making purchases. The proof which was rejected, depending for its legality upon this preliminary fact, it was for the court to determine whether the fact upon which it depended was established. "It is the province of the presiding judge," says Greenleaf, "to determine all questions on the admissibility of evidence to the jury, as well as to instruct them in the rules of law by which it is to be weighed. Whether there is any evidence or not, is a question for the judge, but whether it is sufficient, is a question for the jury. And if the decision of the question of admissibility depends on the decision of other questions of fact, these preliminary questions of fact are first to be tried by the judge, though he may, if he chooses, take the opinion of the jury upon them." 1 Greenl. Ev. § 49.

It is not sufficient that there may be some evidence tending to prove the preliminary fact; it must be established to the satisfaction of the court by competent proof. In the case before us it was not proved; and the court would be wholly

unwarranted in concluding, that because the intestate made *frequent* purchases, he bought of the defendant his *entire* supply. Such a conclusion would be an obvious *non sequitur*. Yet it is upon this assumption that the proof offered would depend for all its force; since, if the intestate's estate is not to be charged with all the provisions and liquors that the family consumed, or which were required for consumption, the amount of the indebtedness, as deducible from the quantity and value of the articles furnished, is left as uncertain as before the proof was introduced.

The fact that the defendant below kept no clerk, cannot affect the admissibility of this evidence. To decide that it is admissible on this ground, would be to hold out a premium for persons to dispense with the ordinary means of proof; for, if this proof under the circumstances in this case be legitimate, it might often turn out that the shopkeeper would recover for articles which others have furnished, or recover, not for articles actually purchased, but for what the party ought to have procured had he properly provided for his family. A rule which would lead to such consequences could not be tolerated.

The cases cited do not sustain the proposition contended for by the counsel, but are altogether consistent with the views we have above expressed, which we think are supported by several decisions of this court.

In Grant v. Cole & Co. 8 Ala. 519, it is said, "there can be no doubt that a merchant's account, like any other fact, may be established by circumstantial evidence, but these circumstances must not be remote or far-fetched, but such as afford a reasonable presumption of the fact attempted to be deduced from them." In that case it was held, that proof that the plaintiffs and their clerks kept correct books, and charged promptly all articles purchased at the store, did not warrant the inference that the particular account was correct, and that such a presumption from the fact was a mere conjecture. The same was said as applicable to proof " that the goods charged were suitable to the wants of the family of the defendant, and that he traded considerably with the plaintiffs, and was frequently at their store." See also to the same point, Hale et al v. Brown, 11 Ala. Rep. 87, 95; Barker v. Sample, 6 ib. 255.

It sometimes happens, that from considerations of public
19

convenience and necessity, the rules of evidence as to the admissibility of proof are relaxed when applied to a particular. class of cases, which, from their peculiar circumstances, are regarded as constituting exceptions to the general rule ; but the case before us falls within none of these exceptions.

Let the judgment be affirmed.