## JONES *vs.* COOPER.

1. In assumpsit to recover the amount of a tavern bill consisting mostly of items for spirituous liquors, plaintiff having introduced evidence tending to show defendant's admission of the correctness of the account, defendant cannot introduce proof of his habits of sobriety, or that he was frequently at the tavern without drinking at all.

ERROR to the Circuit Court of Madison.
Tried before the Hon. JOHN E. MOORE.

ASSUMPSIT by Allen Cooper against Alexander P. Jones, to recover the amount of a tavern bill, the greater portion of which consisted of items for spirituous liquors sold to the defendant, by the glass, for himself and others.

On the trial, plaintiff introduced the account, and offered evidence tending to show defendant's admission of its correctness. A witness was then introduced on the part of defendant, and was asked whether he was well acquainted with the defendant and his habits of sobriety; plaintiff's

counsel objected to the question, and his objection was sustained; to which defendant excepted. The witness was then asked whether he had been frequently at the tavern kept by plaintiff, during the time covered by the account, and whether he saw the defendant there frequently; and if so, whether he saw him drink or treat others. Plaintiff's counsel also objected to this question, and the objection was sustained; to which defendant excepted.

The sustaining of these objections to the evidence offered by defendant, is now assigned for error.

E. R. WALLACE and WM. H. MOORE, for plaintiff in error, contended that the evidence excluded was relevant to the issue, and should have been admitted, that the jury might determine its weight. They cited Cuthbert v. Newell, 7 Ala. 458; Governor v. Campbell, 17 ib. 574; O'Kelly v. O'Kelly, 8 Metcalf 437; 13 Smedes & M. 31; 14 Penn. State Rep. 469; Green. Ev. 53.

ROBT. C. BRICKELL, C. C. CLAY, Jr., and E. J. JONES, contra, insisted that the evidence was too general and indefinite to warrant any conclusion adverse to the correctness of the account; citing Grant v. Cole & Co., 8 Ala. 519, and Scott v. Coxe's Admrs., 20 Ala. 294.

GOLDTHWAITE, J.—The only question to be determined by the jury was, as to the correctness of the account which had been offered in evidence; and in no possible aspect, that we can conceive of, could the habits of the defendant for sobriety or intemperance have aided the jury in coming to a correct conclusion upon the issue before them. If the inquiry had gone to the condition of the defendant at the time of making the admission, a very different question would have been presented; but this was not the case, and the objection was properly sustained.

Neither are we able to perceive any error in sustaining the objection to the other question put to the witness. Suppose the account had altogether been made up of items for spirituous liquors furnished to the defendant at the plaintiff's tavern; could the presumption which would arise from the

admission of the correctness of the account be repelled, by showing that the defendant was frequently at the tavern without drinking at all? Evidence of this character would be entirely too loose and indefinite to base any conclusion upon. Grant v. Cole & Co., 8 Ala. 519. Here is a stronger case, as the account spread over a period of more than five years. It was for the jury to determine from the evidence whether the correctness of the account had been admitted by the defendant; but, if the testimony was sufficient upon that point, the fact that, during that length of time, he had frequently been at the tavern without drinking, would not tend to shake the presumption arising from such admission. The objection to this question was also properly sustained, and the judgment is affirmed.