# FITZPATRICK'S ADM'R *vs.* BAKER.

[ASSUMPSIT ON SPECIAL CONTRACT.]

1. *Restoring competency of witness by release.*—To restore the competency of an interested witness by a release, it is necessary that the release should be made known to him before he testifies: where a deposition is taken in a distant State, and the release is written on the same sheet of paper which contains the instructions to the commissioner, to whom it is thus sent, and by whom it is returned with the deposition, these facts are not, *per se,* sufficient to authorize the admission of the deposition.

2. *When motion to suppress deposition must be made.*—In a case not governed by the provisions of the Code, it is not necessary that a motion to suppress a deposition, on account of the incompetency of the witness from interest, should be made before the commencement of the trial, when it appears that a specific objection to the competency of the witness on that ground was made before filing cross interrogatories.

3. *Specification of grounds of objection.*—When a party offers a deposition, accompanied by a release of the witness, admitting that he is incompetent without a release; and the opposite party thereupon objects to the deposition, on the ground that it did not appear that the release was known to the witness, the objection is sufficiently definite and specific.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. ROBT. DOUGHERTY.

This action was brought by Abram Martin, as administrator *de bonis non* of Joseph Fitzpatrick, deceased, against William H. Baker; and was commenced in December, 1850. The cause of action, as endorsed on the writ, was "a promise by the defendant, to one Charles Cook, to pay to the executor of Joseph Fitzpatrick, deceased, the amount of a judgment recovered by said executor against said Cook, in the county court of Macon county, in consideration of the sale of 240 acres of land in section 34, 14, 24, and the transfer by said Cook to said defendant of the bond of Jas. C. Watson & Co., for the east half of said section; also, upon defendant's promise to said Cook to pay the holders and owners of two notes, given by said Cook to said Jas. C. Watson & Co., one for $400, and the other for about $420, in consideration of the sale by said Cook of 240 acres of land," &c.

On the trial, as appears from the bill of exceptions, the plaintiff offered in evidence the deposition of said Charles Cook, which was taken on interrogatories and cross interrogatories. This deposition was excluded by the court, on the objection of the defendant; to which the plaintiff excepted, and which he now assigns as error.

MARTIN, BALDWIN & SAYRE, for the appellant.

GEO. W. GUNN, *contra*.

WALKER, J.—The sole question of this appeal is, whether the court erred in excluding the deposition of the witness Cook, on account of his interest in the case. It was agreed in the court below, that the witness was incompetent without a release, and that the testimony was pertinent. The arguments in favor of the admissibility of the testimony are, that the competency of the witness was restored by a release; that the objection should have been made by a motion to suppress the deposition before the trial; and that the objection was not sufficiently specific.

1. The mere execution of a release can not render a witness, having a disqualifying interest, competent. The

bias, presumed to result from the interest, can only be removed, when the witness is informed of the release. Hence it is requisite that the release should be made known to the witness before he testifies.—Brown v. Brown, 5 Ala. 508; Seymour v. Strong, 4 Hill, 255; Kyle v. Bostick, 10 Ala. 589. The deposition was taken in Arkansas; and the release was written on the same sheet with the commission, was sent to the commissioner, and returned by him. These are the only facts bearing upon the point; and from them it is impossible to deduce any thing more than a *probability*, that a knowledge of the release was communicated to the witness, before he testified. The antecedent knowledge of the release was a *fact* to be proved, before it could become the predicate of judicial action; and it would have been wrong for the court to have treated that fact as proved, by testimony from which it was not fairly inferrible.—Scott v. Cox, 20 Ala. 294.

The case of Seymour v. Strong, *supra*, differs from this. In that case, the commissioner was requested to show the release to the witness. No such request was proved in this case. On that account, the decision in that case is no authority here; and it is unnecessary for us to determine, whether upon the same facts we would follow it, in presuming that the commissioner did as requested, by exhibiting the release to the witness before he testified. It was not the duty of the commissioner to inform the witness of the release. His only duty under the commission consisted in taking the deposition. The duty was not imposed upon him by request or command. It was not necessary that the witness should, before testifying, see the commission; or, if he did see it, it would not follow that he perceived and read the release. It therefore follows, that neither the presumption that the commissioner did his duty, nor the presumption that the commissioner would do as requested, nor the presumption that the witness did all which it was necessary for him to do, avails to prove that the witness knew of the release before he testified.

2. The question, whether a motion to suppress the

deposition before the trial was necessary, is to be determined by the law existing before the Code was adopted, for the suit was commenced in 1850. Full and specific objections to the examination of the witness, on the ground of incompetency from interest, precede the cross interrogatories, which purport to be filed for the purpose of providing for the contingency of the commissioner's overruling the objections. There can, therefore, be no question, that the objection was made at the earliest possible time. The objection having been made in due time, the law, as settled in this State before the Code, compels us to dissent from the proposition, that a motion to suppress before the trial was necessary.—Bryant v. Ingraham, 16 Ala. 116; Jordan v. Jordan, 17 Ala. 466. There is no case or principle known to us, which would make a motion to suppress the deposition the only mode of taking advantage of the incompetency of the witness from interest.

3. The plaintiff offered the deposition, accompanied by the release; and admitted, that the witness was incompetent without the release. The defendant then objected to the deposition, upon the ground that there was no evidence that the witness knew of the release. The court sustained the objection. The objection made was certainly definite and specific. It was not necessary that the defendant should have pointed out the reason why the witness was interested, when his interest was admitted by the plaintiff. The objection which precedes the cross interrogatories was certainly sufficiently specific and definite, to inform the complainant of its nature, and of the ground upon which it was predicated, and to enable him to remove it, if he chose to do so; and that is certainly all that the law could require him to do. The declaration itself, taken in connection with the objection, would indicate clearly to the plaintiff, for what judgment the witness was interested in making the defendant liable.

We have carefully examined the appellant's several arguments, and we can find no error in the rulings of the circuit court. We must, therefore, affirm the judgment, notwithstanding it may seem to us, that the cause of jus-

tice would be promoted by a reversal. Our only power is to revise the decisions of the court below upon questions of law.