## HUMPHRIES *vs.* BRADFORD.

[ACTION FOR BREACH OF WARRANTY OF SOUNDNESS OF SLAVE.]

1. *Presumption in favor of ruling of primary court.*—Where a witness testified, on cross examination, that he informed plaintiff of the unsoundness of the slave in controversy, and advised him to send the slave back to defendant; and was asked, on re-examination by the plaintiff, what plaintiff's reply was when informed of the condition of the slave,—*held*, that the appellate court would not presume, against the ruling of the court below, that the plaintiff's reply, which was not set out in the record, was competent evidence.

2. *Waiver of objection to answer by failure to object to interrogatory.*—A party can not move the exclusion or suppression of an answer which is responsive to the interrogatory, when he failed to object to the interrogatory itself.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. E. W. PETTUS.

THIS action was brought by John R. Humphries, the appellant, against the firm of Barr & Bradford, to recover damages for the breach of a warranty of soundness of a slave named Len, sold by defendants to plaintiff; was commenced in April, 1852; and was prosecuted against Bradford, as surviving partner, after the death of Barr. On the trial, the plaintiff introduced a witness named Lindsey, who resided on his plantation where the slave worked, and who testified to the diseased condition of the slave a few days after the plaintiff's purchase. "The

defendant asked said witness, on cross examination, 'Did you inform Mr. Humphries of the slave's condition? to which the witness answered, 'Yes, I told him the slave was worthless, and that, if I was in his place, I would send him back.'" On re-examination of the witness, "plaintiff offered to prove what he said to the witness when informed by him of the condition of the slave; which evidence the court excluded, on the defendant's objection, and the plaintiff excepted." The defendant read in evidence the deposition of Robert L. Dickinson, taken on interrogatories and cross interrogatories. The second direct interrogatory to this witness, and the answer thereto, were as follows: "Int. 2. If a bill of sale is shown to you, attach it to your answers, and state if you saw it executed; if so, by whom; state all about how and why it was given; how much was Len sold for? did he sell for his market value? was he sold as a sound negro? did he bring the market price for a sound negro?" "*Ans.* I saw John C. Moore sign the bill of sale now shown to me, which is attached to this my answer. It was filled up by Mr. Thomas B. Crosby, a clerk in the house of R. H. Dickinson & Brother. It was given by Moore to Barr & Bradford, for a boy named Len, who was owned by Moore, and sold for him, by Dickinson & Brother as auctioneers, to Barr & Bradford, on the 7th February, 1851. *Len was sold for* $625. It was considered he sold for his market value. *He was sold as a sound negro, and brought the market price of a sound negro."* The plaintiff objected to each of the italicized portions of this answer, and reserved exceptions to the overruling of his objections. The rulings of the court on the evidence, as above stated, are now assigned as error.

RICHARDS & FALKNER, and GEO. W. GUNN, for appellant.

L. E. PARSONS, and JAS. E. BELSER, *contra.*

STONE, J.—The record does not inform us what was plaintiff's reply to what the witness Lindsey said to him. This brings the case directly within the principle settled in Dent v. Chiles, 5 S. & P. 383, 392; Parker v. Goldsmith

16 Ala. 526–28; Mahone v. Reeves, 11 Ala. 345–51; Brown v. Brown, 5 Ala. 508; St. John v. O'Connell, 7 Por. 466–74. The record being silent as to what was plaintiff's reply, we have no authority to indulge intendments beyond the express language of the bill of exceptions, as a foundation on which to base a reversal.

[2.] The portions of the answer of the witness Dickinson to the second interrogatory in chief, which the plaintiff moved to exclude, were strictly responsive to the interrogatory. The plaintiff had crossed the interrogatories, without objecting or excepting to the portions to which these answers were responsive; and he thereby waived all objection to the answers themselves.—Townsend v. Jeffries, 24 Ala. 329, and authorities cited.

The judgment of the circuit court is affirmed.

Rice, C. J., not sitting.