## McGEHEE *vs.* MAHONE.

[DETINUE FOR SLAVES].

1. *Admissibility of subsequent declarations explanatory of admissions.*—Plaintiff having proved, that the slaves in controversy were not

McGehee v. Mahone.

included by the defendant in the schedule of his taxable property, which was rendered to the assessor on oath, and were included in the schedule of the plaintiff's property, which was given in at the same time by his son, in the defendant's presence; the defendant cannot be allowed, for the purpose of rebutting the presumption arising from this evidence, to prove that he afterwards corrected his schedule, and what reasons he then assigned to the assessor for his former conduct; and the fact that, when first giving in his schedule, "he asked leave of the assessor to correct any mistake, and said something about getting advice," does not affect the principle.

2. *Admissibility of party's declarations as evidence for him.*—The declarations of a party are, *prima facie*, not admissible evidence for him; and the fact that a witness, when cross-examined, "for the sole purpose of contradicting him," touching his own declarations at a particular time and place, states, "that he cannot answer the question without giving the declarations of the defendant made at the same time," is not, of itself, sufficient to show error in the exclusion of the defendant's declarations.

3. *Bailor's right to terminate bailment.*—If the bailor of slaves, when delivering possession to the bailee, declares that he gives or lends them to her, "but subject to his call at any time," his right to terminate the bailment, and reclaim the slaves, is not necessarily limited to the lifetime of the bailee.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. NAT. COOK.

THIS action was brought by Thomas Mahone, against Augustus McGehee, to recover several slaves, together with damages for their detention. It appeared from the evidence on the trial, that the slaves had once belonged to the plaintiff, and had been either given or loaned by him to his daughter, who married the defendant in April, 1856, and died about one year afterwards, leaving an infant child, who also died before the commencement of the suit. The defendant's evidence conduced to show, that the plaintiff gave the slaves to his daughter, by parol, some time before her marriage, and afterwards retained them, under a contract of hiring, until the close of the year 1856, when he sent them to the defendant's house; while the plaintiff's evidence tended to show, that he delivered the slaves to the defendant, after his marriage with plaintiff's daughter, under a loan or bailment, and declared at the time, "that he gave or loaned them to defendant's wife, but subject to his call at any time."

"The plaintiff proved, that, after the death of the defendant's wife, his son and the defendant went together to the tax-assessor, to give in their taxes, and had some conversation between them as to giving in the slaves in controversy; that the defendant did not give in said negroes to the assessor as his property, and swore to his schedule of taxable property ; that said negroes were given in at the same time by plaintiff's son, in defendant's presence, as the property of the plaintiff ; and that the defendant remarked, when he gave in his list, that he had intended to give in said negroes, but that plaintiff's son had relieved him of that. It was further shown, that defendant and plaintiff's son then left the assessor, and went home, and did not again return together to the assessor. It was shown, however, that the defendant, at the time of giving in his taxes, asked leave of the assessor to correct any mistake, and said something about getting advice. To rebut the presumption arising from his failure thus to give in said slaves to the assessor, the defendant offered to prove, by the assessor, that on the same day he gave in his taxes, but on another occasion, he corrected his tax-list, by giving in said slaves as his own. The court rejected this evidence, at the instance of the plaintiff, and the defendant excepted. The defendant further offered to prove, for the purpose of rebutting the said presumption, that he said to the assessor as aforesaid, (the plaintiff not being present,) that the reason why he did not give in said negroes in the first instance, and asked leave to correct his list, was, that he wished to see one Morrison, (who had heard plaintiff say, before his daughter married the defendant, that said negroes were the property of his daughter, and that he was paying hire for them,) that he had seen said Morrison, and that Morrison had stated what plaintiff had said about the negroes. The court refused to permit this proof to be made, and the defendant excepted."

"The plaintiff introduced one William F. Mahone as a witness, who testified to declarations of the defendant, after the death of his wife, as to the ownership of the said

negroes, and in disparagement of his title, made on the day
of giving in the tax-list.   On cross-examination of said
witness, and for the sole purpose of contradicting him, the
defendant proposed, to ask him, what he (said witness) had
said to one Morrison, at said Morrison's store, three or
four days after the tax-list was made, as to the declarations
of the defendant he had proved on the day of giving in
their taxes ; and the court said, that the question might be
asked.   The witness stated, that he could not answer the
question, without giving the declarations made at that time
by the defendant, who was present with him and Morrison ;
and the court said, that the declarations of the defendant
could not be given ; to which the defendant excepted."

"The defendant asked the court to charge the jury, that
if they found, from the evidence, that there was no valid
gift of the slaves before the marriage of plaintiff's daughter
with defendant ; and that the plaintiff said to the defendant,
at the time the negroes were delivered into the defendant's
possession, that he gave or loaned them to defendant's wife,
but subject to his call at any time ; and that he never did
call for them, or make them subject to his order, during
the life-time of the defendant's wife,—then the plaintiff
could not recover in this action."   The court refused this
charge, and the defendant excepted to its refusal.

The rulings of the court on the evidence, and the refusal
of the charge asked, are now assigned as error.


WATTS, JUDGE & JACKSON, for appellant.—1. The case
of *Traun v. Keiffer and Wife*, (31 Ala. 136,) is conclusive
on the first two assignments of error.   *Pearsall v. Mc-
Cartney*, (28 Ala. 110,) cited for the appellee, is opposed to
the current of authority.—1 Dan. Ch. Pr. 455, note 1 ;
1 Phil. Ev. 359 ; 1 Paige, 124.

2. The proper predicate was laid to impeach the witness
Mahone ; and if his declarations were competent evidence
for that purpose, the declarations of the defendant, consti-
tuting a part of the same conversation, thereby became
competent also.   The declarations of defendant, in such

case, stand on the same footing with the declarations of third persons, which are always received, though mere hearsay ; and to exclude such declarations, whether made by a party or by a third person, would, in most cases, deny the right to impeach a witness by proof of contradictory statements.

D. W. BAINE, with GOLDTHWAITE, RICE & SEMPLE, *contra.*—1. The corrected tax-list was the best evidence to prove the correction, and should have been produced, or its absence accounted for, before the same fact could be proved by the assessor.—*Smith v. Armistead,* 7 Ala. 698 ; *Cole v. Spann,* 13 Ala. 537 ; *Ware v. Roberson,* 18 Ala. 105.

2. The defendant's subsequent declarations to the assessor, formed no part of the transaction proved by the plaintiff, and were not made in the plaintiff's presence. *Stewart v. Sherman,* 5 Conn. 244 ; *Ogden v. Peters,* 15 Barbour, 562 ; *Roberts v. Trawick,* 22 Ala. 493 ; *Smith v. Cureton,* 31 Ala. 652. That the defendant, when giving in his tax-list, asked or reserved the right to correct mistakes, makes no difference in the application of the principle ; he had the right to correct mistakes, without such reservation. The case of an original and amended bill in chancery is analogous.—*Pearsall v. McCartney,* 28 Ala. 110.

3. The proper question was not asked to impeach the witness Mahone.—1 Greenl. Ev. 544. If the question had been proper, *non constat* that the defendant was injured by the ruling of the court, since the record does not show that the declarations of the witness were excluded. The declarations of the defendant were, at least *prima facie,* incompetent evidence for him ; and it was incumbent on him to show some special circumstances which justified their admission.

A. J. WALKER, C. J.—A party cannot counteract admissions, proved to have been made by him, by evidence of posterior declarations, made on a different occasion.—*Pearsell v. McCartney,* 28 Ala. 110, 126 ; *Roberts v. Trawick,*

22 *ib.* 490–494; *Lee v. Hamilton*, 3 *ib.* 529.   The declarations, the exclusion of which is the subject of the second exception, manifestly fall within this rule, and were properly held inadmissible.

But it is claimed that the act, for the rejection of the proof of which the defendant made the first exception named in the bill of exceptions, must be excluded from the operation of that rule.   The plaintiff proved, that defendant was present when the plaintiff's son gave in the slaves in controversy, to the tax-assessor, as the taxable property of the plaintiff; and that the defendant did not include the slaves in the list of taxable property rendered by him.   It appeared, however, that on that occasion, the defendant said, that he had intended to give in the slaves in controversy as his property, but plaintiff's son had relieved him of that; and, also, that the defendant asked leave of the assessor to correct any mistake, and spoke of getting advice.  The defendant proposed to prove that, afterwards, on the same day, he gave in to the assessor the said slaves as his taxable property.   If the proposed evidence ought to be excepted from the general rule, it is upon the ground, that the defendant qualified his conduct, and weakened the admission to be argued from it, by saying that he had intended to give in the slaves as his property, but was relieved of it by the plaintiff's son, and asking leave to correct any mistake.   That the defendant so qualified and explained his declarations and conduct at the time, as to greatly lessen the weight of the argument against him to be drawn therefrom, cannot justify him in giving in evidence a subsequent act or declaration, adding force to the qualification or explanation already made, or relieving himself from the previous admission.   The defendant obtained the advantage and full benefit of his explanation or qualification, in lessening or destroying the influence of the admission.   The fact that he asked leave to correct any mistake, did not entitle him to prove that he subsequently acted differently.   Every complainant in chancery files his bill, having a right to correct mistakes in the original bill

by an amendment; yet it has been decided, that when an original bill is offered in evidence, in another suit, against the complainant, he cannot counteract the admissions of the original bill, by introducing the amendment.——*Pearsall v. McCartney*, 28 Ala. 110. If a party makes an admission, with a request of permission to correct any mistake in the admission, the jury are to consider the effect of his request of permission to correct mistakes in determining the weight of the admission ; but he cannot be allowed to prove subsequent declarations or acts, for the purpose of relieving himself of the force of the admission.

[2.] The appellant, for the purpose of discrediting his adversary's witness, interrogated him, as to declarations made by him (the witness) at a designated time and place, and to a given person. The witness asserted, that he could not answer the question, without giving the declarations of the defendant, who was present at the time when the declarations of the witness were made. The court said, that the declarations of the appellant could not be given in evidence; and to this denial by the court of the admissibility of the appellant's declarations there was an exception. It is clear, that the appellant's declarations were, *prima facie*, inadmissible as evidence for him. It therefore devolved upon him, as a preliminary to their admission, to show how they could be made competent evidence by other facts.——*Shields & Walker v. Henry & Mott*, 31 Ala. 53. The court had nothing before it, tending to relieve those declarations of their inadmissible character, save the single fact, that the witness said he could not answer the question, requiring a statement of the declarations made by himself, unless he also gave the declarations made by the appellant on the same occasion. It might have been, that the appellant's declarations were so intermingled and connected with those of the witness in the same conversation—for example, in the form of questions by one, and answers by the other—that it would be impossible to understand the declarations of the witness, except when viewed in connection with those of the appellant. But that state of

things is not satisfactorily shown, simply by the statement of the witness, that he could not give his own declarations without giving the defendant's. The court, which is the judge of the showing preliminary to the admission of evidence *prima facie* illegal, could not safely or properly act upon such a statement of the witness. In doing so, it would have substituted the judgment of the witness for its own, upon the question, whether the declarations of the appellant and the witness were so connected that the latter would be unintelligible without the former. Besides, the statement of the witness, giving no reason why he could not give his own declarations without those of the appellant, was of such ambiguous and doubtful character, that no inference of the requisite fact could be safely predicated upon it.—*Scott v. Coxe*, 20 Ala. 294; *Humphreys v. Bradford*, 32 Ala. 500. If there were facts which would have shown the admissibility of the declarations in question, they should have been brought to the notice of the court. Upon the facts disclosed by the bill of exceptions, we cannot affirm that the court erred in deciding that the declarations were inadmissible.

[3.] There was no error in the refusal to charge as requested by the appellant. If the plaintiff accompanied the delivery of the negroes with the declaration, "that he gave or loaned them to the defendant's wife, but subject to his call at any time," his right to terminate the bailment, and reclaim the negroes, would not necessarily be restricted to the life-time of the bailee.

Judgment affirmed.