Bivens v. Brown.

---

## BIVENS vs. BROWN.

[APPEAL CASE FROM JUSTICE'S COURT.]

1. *Mode of impeaching witness.*—A witness cannot be cross-examined about irrelevant matters, merely for the purpose of laying a predicate to impeach him.

2. *Filing interrogatories to party; presumption in favor of judgment.*—When a party files interrogatories to his adversary, (Code, § 2330,) and the circuit court refuses to compel an answer to them, the appellate court will presume, unless the record repels such presumption, that the statutory affidavit was not made.

Bivens v. Brown.

'APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. WM. S. MUDD.

THIS action was commenced in a justice's court, and was founded on certain written articles of agreement, signed by the defendant and several other persons, in the following words: " Articles of agreement, between the undersigned subscribers, of the one part, and John H. Brown, teacher, of the other part, *witnesseth*, that the said Brown proposes to teach an English school in township sixteen, range four, west, for the term of eight months, (five days in each week, and four weeks to each month,) and will teach orthography, reading, writing, arithmetic, English grammar, and geography ; he will keep good order in his school, and make up all lost time at the expiration of said term ; for which services, we, the undersigned, promise to pay to the said Brown the sum of one dollar and twenty-five cents per month, per scholar by us subscribed, to be due and payable at the expiration of said term. The school will commence on Monday, the 14th March, 1859." The defendant's name was subscribed for two scholars. On the trial in the circuit court, the defendant pleaded fraud, and *non est factum ;* and issue was joined on these pleas. After the plaintiff had read in evidence the articles of agreement, as the bill of exceptions states, "he introduced a witness who testified, that he and plaintiff were together at defendant's house, making up said school ; and that, after stating their business, defendant authorized plaintiff to sign his name to said articles, for two scholars. Defendant then cross-examined said witness, who would not say that, when plaintiff was thus authorized to sign defendant's name to said agreement, '14th March' was inserted in it, or that it was not; but said defendant asked, if Samuel Fields had agreed to it, and, on being informed that he had, said, 'Allen would not care.' (Said Fields and defendant's son Allen were the school commissioners in the township.) Defendant then asked the *plaintiff* (?) if said school was to be free, or a township school, or if he and the plaintiff did

not so tell the defendant; to which the witness replied, that he did not. Witness was then asked, what was said about the time said school was to commence; and replied, that it was said the school was to commence the last of February, or the first of March, or as soon as the school-house was completed. Witness was then asked, with the view and sole purpose of discrediting him, if, on that day or the next, whilst in company with plaintiff, making up said school, he did not state to several other witnesses, (specifying the time and place,) that said school was to be a free school; to which question the plaintiff objected. The court sustained the objection, and would not permit the question to be asked; to which the defendant excepted." The defendant had previously filed interrogatories to the plaintiff; but the plaintiff refused to answer them, and the court would not compel him to answer them; and to this ruling of the court the defendant also reserved an exception. The rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

W. S. EARNEST, for appellant.

JNO. C. MORROW, contra.

STONE, J.—The issue in this case was, what were the terms of the contract between Bivens and Brown? The stipulations of another contract, between Brown and some other portion of his school, could not legitimately shed any light on the question in issue in this cause. This question being foreign from the issue before the jury, it was not competent to contradict what the witness might say in regard to it, " with the view and sole purpose of discrediting him."—*Blakey v. Blakey*, 33 Ala. 621 ; *Ortez v. Jewett*, 23 Ala. 662.

[2.] A party propounding interrogatories to his adversary, must make " affidavit that the answers thereto will be material testimony for him in the cause."—Code, § 2330. The record in this case does not disclose that such affidavit was made; and we can not presume its existence, to put

the circuit court in error. Hence, we will not inquire whether answers to the interrogatories would or would not have been material.—*School Comm'rs v. Godwin*, 30 Ala. 242 ; *Humphreys v. Bradford*, 32 Ala. 500.

Judgment affirmed.