## Steiner & Bro. *v.* McCall.

### *Trover for Conversion of Cotton.*

1. *Proof of execution of instrument; when proof of note contained therein.* Where an instrument is of the character of which registration is authorized and required, to preserve its validity as to *bona fide* purchasers, and at the top is a note or obligation creating the debt it is intended to secure, followed immediately by apt words of conveyance to secure such debt—proof of the execution and recording of the instrument, necessarily includes proof of the note, and authorizes its admission without further proof of execution.

2. *Advances by landlord; what one claiming under, must prove as to.*—In trover by the mortgagee of tenants, against a defendant claiming crops by delivery from the landlord, whose title depended upon having made advances to the tenants, the defendant must make the same measure of proof as to the amount and value of the advances, as would be required of the landlord, if he were suing the tenants; mere proof that the landlord had made advances, without showing the amount or value, will not defeat the mortgagee's action.

APPEL from Circuit Court of Montgomery.

Tried before Hon. J. Q. SMITH.

Appellee McCall brought trover against the appellants, Steiner & Bro., for the conversion of two bales of cotton.

The cotton in question was raised in the year 1877 by Albert Jefferson and Armistead Reid, upon the premises of one Green Cook, their landlord. Cook by written instrument dated January 10th, 1877, waived his lien in favor of McCall to the extent of advances made by the latter to said Jefferson and Reid.

On the same day, McCall made advances to Jefferson to the extent of $135, taking his note therefor, which contained the statements required by statute to give a crop lien for advances. It seems that this note was incorporated in a written instrument, which after the heading, "State of Alabama, Butler county," contains the note, and then the words "know ye that to secure the prompt payment of the debt evidenced by the above note," then goes on to mortgage the crops to be raised that year, &c., to secure the debt. The execution of the mortgage was duly acknowledged before a

[Steiner & Bro. v. McCall.]

justice of the peace, and properly recorded on the 27th day of February following.

Similar advances were made to Reid, who gave his note, and a mortgage like that of Jefferson, which was duly acknowledged and recorded about the same time. Attached to each of these mortgages was a regular certificate of filing and recording, signed by the probate judge.

When the plaintiff introduced each of these instruments, and endorsements thereon, the defendants objected to that part of each which "purported to be the original lien note," because there was "no proof of its execution, and no proof that it had ever been recorded; and also objected to the certificate attached, so far as it could affect the lien notes, on the ground that the certificate related to the mortgage alone, and not to the notes." Each of these objections was overruled, and defendants excepted. Plaintiff offered evidence showing that he had advanced the amounts so stated in the mortgages, and that the cotton sued for was a part of the crop so raised by Jefferson and Reid.

There was evidence tending "to show that said Jefferson and said Reid had been closed out by said Green Cook, and had paid him before the delivery or seizure of said cotton sued for, for advances made by said Cook to them." There was also proof tending to show that Cook, the landlord, had also made advances during the year to said Jefferson and Reid, to enable them to make a crop, consisting of corn, meat, &c., but "no proof was made of the value or amount of said advances." There was evidence tending to show that said Jefferson had turned over one bale of the cotton sued for to Green Cook, in payment of advances so made to them, and that said Cook had disposed of said cotton to defendants, and there was evidence to the contrary of this. Jefferson testified that one of the defendants came and got the two bales of cotton sued for, and at the time Jefferson told him that the cotton was set apart for plaintiff.

The court, among other things, charged the jury, that "to sustain the defense that the cotton was turned over to Green Cook, through whom the defendants claimed, for the payment of advances made to said Jefferson and Reid in the year 1877, it was necessary for defendants not only to show the character of the advances so made, but also the money value in dollars and cents." To this charge defendants duly excepted.

Defendants then requested the court in writing, to charge the jury, "that if Green Cook, the landlord of Jefferson and

[Steiner & Bro. v. McCall.]

Reid, made advances to them in the year 1877, for the purpose of making a crop that year, and the advances were unpaid and the cotton was delivered to Green Cook for the payment of such advances, it was not necessary in this suit to prove the value of the goods or supplies so furnished. The court refused this charge, and defendants excepted.

The charge given, the refusal to charge as requested, and the rulings as to the admission of evidence, are now assigned as error.

SAYRE & GRAVES, for appellants.

L. A. SHAVER, *contra*.

BRICKELL, C. J.—The instruments under which the appellee deduced title to the cotton in controversy, were of that kind of which registration is authorized, and essential to preserve their validity against *bona fide* creditors, or subsequent purchasers for value, without notice. They embrace not only operative words of conveyance, but the promissory notes, payment of which they are intended to secure. Proof of their execution, therefore necessarily comprehended proof of the execution of the notes. The notes were not more separable from the instruments, than any other of their parts and clauses. The registration of an instrument, of which registration is authorized, renders it admissible in evidence, in any court, without other or further proof.—Code of 1876, § 2154. The objections to the admission of the notes as evidence, without proof of their execution, was properly overruled.

If the appellants deduced title to the cotton, through Cook the landlord, and his title was dependent on the fact that he had made advances to the mortgagors, some evidence must have been given of the value of such advances. The character, kind, and quantity of the things advanced would have been circumstances to be considered by the jury in determining their value. But in the absence of all evidence of value, direct or circumstantial, it would not be possible to support an action at law against the tenants.—*Grant v. Cole*, 8 Ala. 519; *Scott v. Coxe*, 20 Ala. 294. When the fact of indebtedness is to be proved collaterally, the evidence to establish it, should be of the character essential, in an action by the creditor against the debtor. Merely proving that Cook had made advances to the tenants, without proof of quantity, or kind, or any direct evidence of value, was insufficient.

Affirmed.