WISWALL VS ROSS and EARLE.

4p 321
122 514

*As to proof and acknowledgment of deeds:*
*As to trust deeds, and the assent of the cestui que trust:*
*As to evidence rejected by inferior Courts:*

1. That part of the ordinance for the government of the Territory of the United States, which authorised estates to be conveyed by deeds of release, or bargain and sale, attested by two witnesses, was repealed, in this State, by implication, by the act of 1803, respecting conveyances.*

2. A deed of lands not attested by witnesses, but acknowledged and certified according to the provisions of the act of 1803, is as valid as if executed before witnesses.

3. Where a deed is executed to one in trust, it is not essential to its validity, that a corporation, or person for whose benefit the deed is made, should execute or express an assent to it:— in the absence of proof to the contrary, the assent of the beneficiary will be presumed.

4. Where a grantor in possession, executes a conveyance to one as a trustee, the title of the latter, after a sale under the trust deed, cannot be defeated by evidence, adduced by a subsequent purchaser from the grantor—that he was in the adverse possession of the estate, when sold and conveyed by the trustee.

5. One taking a mortgage of lands, after the mortgagor has, by previous deed, conveyed the same premises to a trustee, for the payment of a debt, would under a foreclosure and deed under it, take only such interest as the mortgagor has left after the trust deed is discharged.

6. Where the competency of matter offered as testimony, depends upon a fact of which there is no proof, or offer of proof —it is not error for a Court to reject it.

7. A sale made by a trustee, under a trust deed to pay debts,

*Aikin's Digest, page 88—§1 .

would not be void, because the advertisement of the sale omitted to specify the amount of the debt for which the property was sold.

8. Testimony having any legal effect in a cause, can not, in respect to its weight, as proving a fact, be determined by the Court. But, whether evidence tends to prove what is pertinent to an issue, may properly be considered by the Court.

On writ of error to the Circuit Court of Mobile.

This was trespass, to try titles to certain lots of land, in the city of Mobile, by Ross and Earle against the plaintiff in error; and upon the plea of not guilty, a verdict and judgment were had for the plaintiffs below.

By a bill of exceptions, it was shewn—that the plaintiffs, to maintain the issue on their part, produced, and read in evidence a deed of trust bearing date the eighteenth day of March, eighteen hundred and twenty-five, between Stephen Chandler, and Rebecca, his wife, of the first part, John B. Hazard of the second part, and the President, Directors and Company of the Tombeckbee Bank, of the third part: which deed conveyed from Chandler and his wife, to John B. Hazard, in trust, the lands in dispute in this action, for the purpose of securing to the Tombeckbee bank, a certain debt. The deed was attested but by one witness, but was acknowledged by Chandler and his wife, and admitted to record.

Wiswall, by his counsel, moved to exclude this deed from the jury, but was overruled by the Court.

Wiswall took a further exception to the deed, that it was not signed or sealed by the Tombeckbee Bank Company. Defendant then produced and offered in evidence, a deed of mortgage, dated thirty-

first of May, eighteen hundred twenty-five—whereby Chandler conveyed the same premises to the defendant. And he likewise offered in evidence a bill in equity to foreclose the mortgage—a decree of foreclosure, an order of sale under it, and the deed of the master in Chancery to the defendant, as the purchaser. But all these matters, the Court excluded from the jury.

It appeared in evidence, that other property of Chandler had been mortgaged to secure the debt due to the bank, which was five thousand dollars, due on the seventh June, eighteen hundred and twenty-five, which was sold for the sum of three thousand seven hundred and fifty dollars: that the notice of the time and place of the sale of the premises in dispute in this action, as advertised by Hazard, specified all the property; but did not mention the amount of the balance due on the said debt; nor had the amount paid been credited on the deed of trust or mortgage.

The defendant, by his counsel, prayed the Court to charge the jury—that if the advertisement did not show what amount was due by Chandler to the bank, the sale was not a fair one; and the plaintiff could not recover. To give which charge, the Court refused; and instructed the jury, that the circumstances did not amount to unfairness.

To these matters the defendant filed exceptions.

Argued by *Sallee*, for the plaintiff in error.

HOPKINS, C. J.—Upon the trial of this case, in the Circuit Court of Mobile County, the defendants

in error, who were plaintiffs in that Court, offered as evidence, a deed of trust, made on the eighteenth day of March, eighteen hundred and twenty-five, between one Stephen Chandler and his wife, of the first part, John B. Hazard, of the second part, and the President, Directors and Company of the Tombeckbee Bank, of the third part, by which the parties of the first part conveyed to Hazard the three lots of land in controversy between the parties to this suit, to secure a debt due from Chandler to the Tombeckbee bank. The defendants in error claimed title to the lots by a purchase of them, made at a sale by Hazard, as a trustee, under the deed from Chandler and his wife. Wiswall excepted to the opinion of the Circuit Court, which overruled his motion to reject the deed, as evidence.

In support of this exception, so much of the ordinance for the government of the territory of the United States, north-west of the river Ohio, is relied upon, as authorised estates in that territory to be conveyed, by deeds of lease and release, or bargain and sale, attested by two witnesses. This part of the ordinance was extended, by the articles of cession and agreement between the United States and the State of Georgia, over the territory ceded by the latter to the former.

If this part of the ordinance be the law of the State, the deed of Chandler and his wife, which was attested by one witness only, conveyed no interest in the lots to Hazard. The title to land can be acquired, only according to the laws of the country where it is situate.

It was decided by this Court, in the case of *Rob-*

*ertson and Barnwell vs Kennedy and Kitchens,* that [*1Stewart, 245.] the ordinance was superseded by the adoption of the constitution of this State. Without determining what would have been the effect of the constitution upon the ordinance, if the latter had continued in force until the former was adopted, we are of opinion, that the part of the ordinance which is relied upon in this case, was repealed by the statute of eighteen hundred and three of the Mississippi territory. By the terms of the ordinance, this part of it was made revocable, by the legislative power of the territory.

The first section of the act of eighteen hundred and three, authorised any Judge of the Superior Court of the territory, or any justice of any Court of the County in which the land included in any deed was situate, to take the acknowledgment of the party, who had executed a conveyance of land, that such party had signed, sealed and delivered the same, as his voluntary deed. Any such officer was authorised, also, by the same section, to take the proof of the execution of any such deed of one or more subscribing witnesses to it.

It was further enacted, that if a certificate of such acknowledgment or proof shall be written upon such deed, and signed by the officer before whom the acknowledgment was made, or the proof was taken, then, every such deed, so acknowledged, or proved and certified, "shall be received in evidence, in any Court of the territory, as if the same were then and there produced and proved."

If a certificate of the proper officer of the grantor's acknowledgment, be not as full and conclusive proof

of the execution of the deed as two attesting witness-
es could make, it is not evidence from which a gran-
tee can receive any benefit; if he could not prove
that two witnesses attested the execution, the proof
of the grantor's acknowledgment of the same fact
would be without any effect. The acknowledg-
ment authorised by the statute, is of the execu-
tion of the deed, and the execution includes ev-
ery thing necessary to make the deed complete. A
deed without witnesses, but acknowledged and certi-
fied according to the act of eighteen hundred and
three, is as valid as it would be with any number.—
By the seventh section of that statute, it was enact-
ed, that any deed of land made after the passage of
the act shall be void against a subsequent *bona fide*
purchaser or mortgagee, for a valuable considera-
tion, not having notice thereof, unless such deed shall
be acknowledged, or proved and certified, and lodged
in twelve months after the time of signing, sealing,
and delivering the same, with the clerk of the proper
County Court, to be recorded; provided, that such
deed shall, as between the parties and their heirs, be
valid and operative.* This section discloses clearly
the intention of the Legislature, that a deed made af-
ter the enactment of the statute, should be as perfect
without, as with an attesting witness,—if without a
witness it be acknowledged by the grantor, certified
and delivered within the time limited, to the clerk of
the County Court of the proper county, to be record-
ed, it is valid, not against the grantor and his heirs
only, but against any subsequent purchaser from him.
If no such acknowledgment be made, the deed, if its
execution can be proved according to the Common

*Aik. Dig·
88,91, n.I.

Law, is binding upon the grantor and his heirs.—
Statutes enacted since the one of eighteen hundred
and three, authorise other officers than those which
have been mentioned, to take and certify acknow-
ledgments of deeds.    The enactment in the statute of
eighteen hundred and three, of what proof should be
required after its passage, of the execution of a deed,
is inconsistent with the ordinance. The statute was,
therefore, we think, a repeal, by implication, of the
part of the ordinance, upon which the plaintiff in er-
ror has relied.* [*14Petersd ab.716,720 n—1 Pick. 45—10 ib. 39–1Payn. C't. C. R. 407.]

After the execution of the deed of trust, Chandler
mortgaged the same premises to the plaintiff in error,
who shortly afterward obtained a decree for the
foreclosure of the mortgage, and the sale of the lots.
At the sale, the plaintiff in error became the purcha-
ser, and received a conveyance of them from the
commissioner appointed by the Court to make the
sale.    The mortgage, the judicial proceedings upon
it, and the deed from the commissioner to Wiswall,
were offered by him as evidence on the trial of the
cause, and rejected by the Circuit Court.

To sustain the exception to the opinion of the
Court, against the admissibility of these deeds and
proceedings, as evidence, two positions are relied up-
on.    The first is, that as the deed of trust was not ex-
ecuted by the President, Directors and Company of
the Bank, it conveyed no interest to Hazard, the
trustee, but made him an agent of Chandler alone,
with power to sell the premises.    That, as his autho-
rity was not connected with any interest of his own
in the premises, it was revocable, and was revoked
by the execution of the mortgage, before the power

was executed. The consequences of this position, if it be well taken, would be, that the purchaser from the trustee acquired no title, and that the rejected deeds were competent testimony to show that Hazard had no authority to convey the estate when he made the deed to his vendee. This view of a trustee's power, is opposed by the settled doctrine on the subject, which gives to the deed the effect of vesting the legal estate in the trustee, and neither requires the corporation or person for whose benefit the deed is made, to execute or express his assent to it. In the absence of proof to the contrary, the assent of the beneficiary is presumed.*

*11 Wheat 78, 97 — 2 Stewart 98 103.

The other ground relied upon to show the competency of the rejected deeds as evidence, is, that the fact could have been proved by them, that the plaintiff in error was in the adverse possession of the premises, when the trustee sold and conveyed them, and that, therefore, the deed of the trustee was void.

It does not appear from the record, that there was any stipulation in the deed of trust to Hazard, that Chandler should retain the possession of the lots until the trustee sold them, or that Wiswall had entered upon the premises before they were conveyed by Hazard. But, the principle upon which the last objection to the deed of Hazard to the defendants in error, is founded, does not, in the opinion of the Court, apply to a sale made by a trustee under a deed creating the trust, at a time, when the grantor in the deed of trust was in the possession of the premises, which were conveyed to the trustee. A sale by a trustee, in such a case, cannot be productive of the mischief, which the principle is relied upon to.

prevent. The application of the principle to such a
sale would enable a grantor in a deed of trust who was
left in the possession of the premises, to defeat his
own conveyance founded upon a valuable and ade-
quate consideration, by conveying the same estate to
another person, and putting him in possession with a
color of title. Authority, as well as what appears to
us to be reason, exempts such a sale from the opera-
tion of the principle.*

*1Aik.Rep
16—5 Am.
Dig 513,
sec. 14,

Wiswall acquired by his purchase under the decree
for the foreclosure of his mortgage, the interest only
that Chandler had, and which was subject to the
deed of trust. The decree made in a suit, to which
Hazard and the Bank were no parties, could not en-
large the interest of Chandler, change the character
of his estate, or enable Wiswall to acquire more than
Chandler had to convey when he executed the mort-
gage. The sale of the trustee ascertained that it re-
quired the whole estate to pay the debt, for the dis-
charge of which the trust was created, and that there
was no kind of interest left undisposed of, to which
the claim of the plaintiff in error could attach.

It was proved upon the trial of the cause, that for
the debt of the Bank, which was five thousand dol-
lars, there was an additional security in a mortgage
on other property of Chandler. That three thou-
sand seven hundred and fifty dollars of the debt were
paid by a sale of the mortgaged property, and that
the three lots were sold together by the trustee for
one thousand and fifty dollars. As a part of the debt
had been paid before the lots were sold by the trus-
tee, it has been contended for the plaintiff in error,
that he had the right before Hazard executed the

4P.                    42

trust, to tender the balance of the debt due to the Bank, and relieve the premises from the incumbrance of the trust. That if he tendered the balance, he was not entitled to any benefit from his act without giving the deeds which he offered in evidence, to show that he had the right to do, what it is supposed he may have done. It does not appear that the plaintiff in error offered proof of his having tendered the balance of the debt to the Bank, and if he intended to show that his mortgage, the judicial proceedings upon it, and the deed from the commissioner to him, were competent evidence, by proof that he had tendered the balance of the debt before the trustee sold the lots, he should have offered the proof of the tender in connexion with the proceedings and his deeds. If the competency of any matter as testimony, depends upon some fact, of which there is no proof, there is no error in rejecting such matter, when presented alone, and without an offer to prove what might make it competent evidence.

It appears also from the record, that the trustee advertised the three lots for sale, and did not state in his advertisement the amount of the debt secured, or that any part of it had been paid. That he offered and sold all the lots together, for the sum which has been mentioned, and there is no proof that the sum was not the full value of the lots. No credit, for the previous payment of a part of the debt, was indorsed either upon the deed of trust or the mortgage. Upon the evidence which has been mentioned, the plaintiff in error moved the Circuit Court to instruct the jury, that if the advertisement did not show what sum of money was due by Chandler to the Bank, the sale

was not a fair one, and the defendants in error were not entitled to recover. The Court refused to give the instruction, and instructed the jury, that the circumstances did not make the sale an unfair one.— We are of opinion the instruction was properly refused. Proof of the omission in the advertisement, of the amount of the debt, did not make the sale void. When property is advertised to be sold absolutely— persons who desire to purchase it look to the advertisement, not for the amount of the debt to be paid from the proceeds of the sale, but for a description of the property, that they may ascertain its value, and determine whether or not they will prepare to become bidders at the sale. As there was no proof that the lots were sold for less than their value, and none to show any thing improper in the sale, there was no error in the instruction of the Court, that there was nothing proved, which shewed that the sale was an unfair one. When there is testimony which has any legal effect in a cause, it would be error for the Court to determine the weight of it, or the fact that it did or did not ascertain. But whether evidence tends to prove any thing pertinent to the issue, is a question for the Court, and if there be no testimony that ought to have any legal effect, it is not error for the Court to inform the jury that it does not prove what it does not tend to prove.

The judgment is affirmed.

GOLDTHWAITE, J. not sitting.