## AMES v. SCHUESLER & DONNELL.

1. When lessees of rented premises hold over after the expiration of the time for which the premises were rented, the law implies a promise to pay at the same rate at which the tenant held the year previous; and a charge by the court, that the jury might *infer* that the tenant intended to hold for another year at the same rate, is erroneous.

Writ of Error to the Circuit Court of Montgomery. Before the Hon. G. Goldthwaite.

Assumpsit by the plaintiff in error. The defendants in error, who were tenants of the plaintiff in error, held over for about two months after the expiration of the period when the term expired, and then offered to deliver the premises to an agent of the plaintiff, who declined to receive it, and informed them they would be looked to for the year's rent. The first quarter's rent was paid by the defendants, and this suit was to recover the second and third quarters. The plaintiff asked the court to charge the jury, that unless the defendants gave the plaintiffs notice of their intention to quit the premises, before the expiration of their term, they must find for the plaintiffs, for the amount of the two quarters rent claimed. This was refused, and the court charged, that as the year terminated on the 1st of November, 1844, no notice was necessary to be given by defendants of their intention to quit on that day. And further charged the jury, they might infer from the evidence, the defendants intended, on the 1st November, 1844, to retain the premises rented for another year at the same rate, but refused to charge, that if the defendants held over from the 1st November, 1844, to the 30th December, 1844, that that would be conclusive against them, to charge them for the year's rent, ending 1st November, 1845. The plaintiff excepted to these charges, and refusals, and assigns it for error.

J. W. Pryor, for the plaintiff in error.

1. The instruction to the jury, that they might infer a renewal of the contract for another year, was erroneous, for it left to jury to regulate the existence of contract from 1st Nov. 1844 to 1st Nov. 1845, when in the absence of any evidence upon the point, the law infers a renewal of the contract for another year. 2 Wend. 507, 512; 1 D. & E. 159, 162; 15 John. 505, 509; 4 Wend. 327; 13 S. & R. 60; 10 Ala. 493, 498.

2. Though the last prayer for instructions would seem to claim the whole year's rent, yet in fact it could not prove injurious to defendants, for the record shows plaintiff was claiming only six months rent, and the prayer was simply that the court would instruct the jury, that by holding over, it was the renewal of the contract for a year, and this was certainly correct. But the evidence in the record shows, the plaintiff did not claim for the whole year in the suit, as he had been paid part of the year; but he claims for part of the year on the ground that there was a renovation of the contract for another year, which made the defendants liable for the whole year. But the year's rent could not be recovered, because part of it had been paid; not on the ground that defendant was not liable for the whole year. See above cases.

Martin & Baldwin, for defendants.

There was no error in the charges given, or in the refusal to charge as requested. 1 D. & E. 162. The second charge given was as favorable as the plaintiff could ask. Ib.

If the charge given was not sufficiently explicit, the plaintiff should have requested the court to charge more fully.

The extent of the authorities is, that the law presumes the parties intended to hold over on the terms of the preceding year, but this circumstance is not conclusive against the defendants.

The charge asked would have subjected the defendants to rent for the whole of the year ending 1st of Nov. 1845, when it appears from the evidence, the plaintiff was himself in possession from the — of July, 1845, by his tenant. If the charge was correct in part, yet wrong in part, the court was justified in refusing it altogether.

76

Ames v. Schuesler & Donnell.

CHILTON, J.—It is well settled, that where there is a lease at a stipulated annual rent, and the tenant holds over after the expiration of the lease, without having made any new agreement as to the rent, the law implies the tenant holds from year to year, at the original rent.   See Abeel & Abeel v. Radcliff, 15 Johns. R. 505; Evertsen v. Sawyer, 2 Wend. 507; Osgood v. Dusey, 13 Johns. R. 240; Right ex dem. &c. v. Dailey, 1 D. & E. 159; Harkins v. Pope, 10 Ala. Rep. 493; Diller v. Roberts, 13 Serg. & R. 60; Doe ex dem. &c. v. Bell, 4 Wend. 327.   In this case the tenants held over about one month, without coming to any arrangement or agreement with the landlord, and they then insisted upon surrendering the possession, but were informed that the owner of the premises would look to them for the whole year's rent. They afterwards paid the rent for the first quarter, but refused to pay for the other six months which transpired before the owner made another disposition of the premises.   There being no conflict in, or dispute about, the evidence offered to prove a holding over, the law, as we have seen, implies the undertaking to pay at the same rate at which the tenants held under their lease for the year previous.   The charge of the court refers it to the jury to determine whether, from the evidence, the defendants, at the expiration of the lease *intended* to hold another year at the same rate.   The language of the charge is, "that the jury *might* infer from the evidence, that the defendant intended to hold for another year at the rate of rent agreed upon for the year previous.   The charge is obnoxious to the objection, that it gave to the jury a discretion in arriving at a conclusion, which the law without their aid implied.   Besides, we think the jury might well have inferred that the *intention* of the defendants to hold for another year at the rate at which they had rented the previous year, was necessary to fix a liability upon them, whereas the law fixed their liability, from the fact of holding over, independent of their intention.   The charge was therefore erroneous, and does not in our opinion come within the rule laid down in the cases of Knapp v. McBride & Norman, 7 Ala. R. 20, and Lee & Co. v. Lightfoot, 11 Ib. 940, requiring the plaintiff's counsel to ask explanatory charges.

The charge asked was very properly overruled by the

court, as it assumed the defendants were liable for the whole year's rent, by reason of their holding over, notwithstanding the proof showed the owner had received the premises, and had made a new lease for the last quarter. Besides, the plaintiff had in fact sued but for a half year's rent.

For the error in the charge given, the judgment is reversed, and the cause remanded.