## CARLISLE v. HUNLEY, Ex'x.

1. Where a-party desires to impeach the credit of a witness, by proof of statements out of court in conflict with his testimony, he must first lay the predicate, by directing the attention of the witness to the time, place, and person, involved in the supposed contradiction.
2. Where illegal testimony has been admitted by the court, nothing short of a direct, and unequivocal charge to the jury, that they must disregard the illegal proof, can cure the error of its admission.

Error to the Circuit Court of Perry.    Before the Hon. John Bragg.

This was an action of detinue, for the recovery of a slave, and was instituted by plaintiff in error, against one William Hunley, who died pending the action, and of whose estate defendant in error is administratrix. The bill of exceptions states, that the defendant offered evidence, tending to prove, that the slave in controversy, was not the property of the plaintiff, but of one Robert Carlisle, who had authorized one Henry Horn to sell him to defendant. To rebut this proof, the plaintiff introduced the said Robert Carlisle, as a witness to prove that the slave was the property of the plaintiff, and that he had never authorized Horn to sell him. On the cross examination of this witness, he was asked by defendant's counsel, "if he had never told Mr. Shaffer, that he had authorized said Horn to sell said slave?" To which the wit-

ness answered, "that he never had so told him."    Mr. Shaffer was then introduced, and asked by the counsel of defendant, if the witness Carlisle had not so told him ; the plaintiff objected to the witness answering the question, but the court overruled the objection, and the witness answered the question in the affirmative.

The plaintiff's counsel asked the court to charge the jury, that the testimony of Carlisle should be considered by them as uncontradicted, the evidence of Shaffer having been permitted improperly to go to the jury : the court in reply, stated to the jury, that they might take the testimony of the witness Carlisle for whatever it was worth, unaffected by the testimony of the witness Shaffer.    To the above ruling of the court, and to its charge to the jury, the plaintiff excepted, and now assigns them as error.

GARROTT, for plaintiff in error.

It is clear, that the court erred in permitting the witness Carlisle to be contradicted in the manner shown by the bill of exceptions.    The question asked this witness by defendant's counsel, was as follows : "The defendant, in cross-examining said witness, asked him if he had never told *Mr.* Shaffer that he had authorized said Horn to sell said slave." Neither time, nor place, is stated in this question, for the purpose of enabling the witness to re-call to his mind the circumstances under which this statement was made.    Even the particular person is designated in no other way than as *Bur.* Shaffer—no christian name is given.    "The defendant then called *a Mr.* Shaffer as a witness, and by his attorney asked him, if said witness Carlisle had not told him that he (Carlisle) had authorized said Horn to sell said slave." Against the objection of the plaintiff, the court allowed the question to be answered ; "and said Shaffer then testified that said Carlisle last [had] told him that he (Carlisle) had authorized said Horn to sell said slave." That this was wrong, see the following authorities : 1 Greenl. Ev. 514, 515, note 1; 1 Phil. Ev. 294; 1 Ala. R. 65, (73.)

2. On the last point, plaintiff in error relies on the following authorities : "When error has been committed, it must appear, beyond reasonable doubt, that no injury has resulted

from the error to prevent reversal." Haggerty v. Bradford, 9 Ala. R. 567, (571); Pinkston and wife v. Green and wife, ib. 19. · As to the impropriety of admitting illegal evidence, and then excluding it, in any case, see 12 Ala. R. 823.

A. B. MOORE, contra.—1. The question propounded to the witness on cross-examination, as shown in the record, was sufficient to lay a predicate to contradict said witness.

2. When the object of the defendant is to contradict the statements of plaintiff's witness, it is sufficient, on the cross-examination of such witness, to call his attention to the statement intended to be contradicted, and to the person to whom such statement is alleged to have been made. See 1 Phil. Ev. 294; 1 Starkie, 145; 3 ib. 1753; 1 Greenleaf, 1 note, 514; Crowly v. Page, 7 Car. & Payne, 739.

3. But if the court erred in admitting the testimony of Shaffer, to contradict the statement of plaintiff's witness, the error was caused by the subsequent charge of the court, given at the instance of plaintiff, and assented to by defendant.

CHILTON, J.—If a party desires to impeach the credit of a witness, by proof that he has made verbal statements out of court, contrary to what he has testified upon the trial, to avoid surprise, and to afford him the opportunity of explanation, he should be asked as to the time, place, and person involved in the supposed contradiction. 1 Greenl. Ev. 415; Queen's Case, 2 Bro. & Bingham, 313; 1 Ala. Rep. 65; 13 ib. 303. This was not done in the case before us, and consequently, the court erred in permitting the witness, Shaffer, to controvert what Carlisle had sworn.

The subsequent instruction of the court, "that the jury *might* consider the testimony of Carlisle for what it was worth, and as unaffected by Shaffer's testimony, did not cure the error, in admitting Shaffer to testify as to the statements of Carlisle, which conflicted with his evidence. Every one, familiar with the practice, knows how difficult it is to eradicate from the mind of a jury an injurious impression thus created, (McCurry v. Hooper, 13 Ala. Rep. 823;) by permitting illegal proof to be submitted to them, and in such case,

nothing short of a direct and unequivocal charge to them, to disregard the illegal proof, would be likely to erase the impression. In the case before us, the charge of the court was, that they might disregard the illegal proof; thus giving them a discretion as to whether they should do so or not, whereas the law makes it peremptory upon them to lose sight of it. The court having failed so to instruct them, as to render the first error harmless, the judgment must be reversed, and the cause remanded. See Ames v. Schuesler and Donnell, 14 Ala. Rep. 600.