## SHIELDS & WALKER *vs.* HENRY & MOTT.

[ACTION AGAINST OWNERS FOR GOODS FURNISHED STEAMBOAT.]

1. *What must be shown to authorize admission of evidence prima facie illegal and irrelevant.*—When a party offers evidence which is, *prima facie*, illegal as well as irrelevant, it *is not sufficient* for him to state to the court, "that he could probably, by other evidence, so connect the defendant with it as to make it competent evidence."

2. *When admission of illegal evidence is reversible error.*—The admission of illegal

evidence, against a party's objection, is an error for which the judgment will be reversed at his instance, unless the record shows that the jury were explicitly directed to disregard such evidence.

3. *Interest on open account for goods sold and delivered.*—On a contract to pay for goods sold and delivered, interest attaches from the delivery of the goods, unless the contract fixes some other time of payment.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by Henry & Mott against the .appellants, as part-owners of the steamboat *Farmer*, and was founded on an open account for goods sold and delivered to the officers for the use of the boat. The defendants separately pleaded the general issue, and the defendant Daniel Walker rested his defense on the ground that he was not a part-owner of the boat at the time the goods were sold and delivered. On the trial, after the plaintiffs had proved the sale and delivery of the goods, on the days specified in the account, running from the 6th November to the 24th December, 1852, "to Capt. Shields and Jacob B. Walker, who said they purchased them for the steamboat *Farmer*, of which they were part-owners, and that the defendant Daniel Walker was or had been a part-owner of said boat;" the said Daniel Walker proved by the statement of Jacob B. Walker, (which was admitted by consent to avoid a continuance,) that he (Daniel Walker) had sold all his interest in said boat to said Jacob B. Walker on the 3d October, 1852, and, since that time, had no interest whatever in the boat. The plaintiffs then offered to prove, by the clerk and book-keeper of said Jacob B. Walker, that the sale and transfer of Daniel Walker's interest in said boat was not entered, on the books of either the boat or said Jacob B. Walker, until January, 1853. On the defendant's objecting to the admission of any evidence relative to these entries, "the court ruled, that evidence of such entries would be incompetent and inadmissible, unless there was other evidence tending to show that the defendant had in some manner recognized or admitted them to be correct, or directed them to be made; but, on its being stated by

Shields & Walker v. Henry & Mott.

plaintiffs' counsel, that he could probably, by other evidence, so connect the defendant Daniel Walker with the entries, as to make them competent evidence, the court permitted the witness to testify in reference to the entries." The witness then testified, that said entries were not made on the books until January, 1853 ; also, "that Daniel Walker was the brother of said Jacob B. Walker, and, he presumed, could have access to the books of the latter whenever he pleased, though they kept separate offices; and that the contract relative to said sale and transfer was in the handwriting of said Jacob B. Walker. Thereupon, the court instructed the jury, that unless it was shown that the defendant Daniel Walker had recognized or admitted the entries to be correct, they were entitled to no weight, and should be entirely disregarded by them ; and that the mere fact of Daniel Walker having access to the books of J. B. Walker would not amount to a recognition by him of the correctness of the entries. The defendant Daniel Walker, by his counsel, excepted to the ruling of the court in permitting said witness to testify in reference to said entries."

"The court further charged the jury, among other things, that if, when the goods were sold, no time was specified for payment or credit, and nothing was said on that subject, the law implied that the debt was payable presently ; and, in such case, it would bear interest from the time of sale. To this charge, also, the defendant, by his counsel, excepted."

These two rulings of the court are now assigned as error.

GEO. N. STEWART, for the appellants.

ANDERSON & BOYLES, *contra*.

STONE, J.—The question on the admissibility of the evidence may be thus stated. The plaintiff offered evidence, which, by itself, was clearly irrelevant and inadmissible. In answer to the objection of defendant, his counsel stated to the court, "that he could probably, by other evidence, so connect the defendant Daniel Walker

with the entries, as to make them competent evidence."
The *entries* spoken of were made by and in the books of
other persons, not parties to this suit. To the admission
of this evidence defendant excepted.

In the case of Wiswall v. Ross, 4 Porter, 321–30, this
court said, "If the competency of any matter as testimony
depends upon some fact of which there is no proof, there
is no error in rejecting such matter, when presented alone,
and without an offer to prove what might make it com-
petent evidence.—See Clendenning & Bulkley v. Ross,
3 Stew. &. Por. 267 ; Gee v. Williamson, 1 Por. 320." In
Crenshaw v. Davenport, 6 Ala. 390, the following lan-
guage is found : "When the relevancy is not apparent from
the evidence offered, but other facts will make it so, the
duty of the party offering it is to state its connection with
the other facts, in order that its relevancy may be dis-
closed to the court."—See Cunningham v. Cochran,
18 Ala. 480 ; Mardis v. Shackleford, 4 Ala. 443 ; Cuthbert
v. Newell, 7 Ala. 457.

We do not think enough was stated in this case, to
justify the introduction of the evidence. The statement
made by the counsel was very indefinite, and falls far
below the rule laid down in the authorities above cited.
We do not say that, in all cases of testimony *prima facie*
irrelevant and immaterial, the counsel should be required
to state the minute facts which he relies on to show the
relevancy. We think, however, that the statement should
be of such facts as tend to show that the connection will
be made. Otherwise, much of the time of the court may
be wasted in fruitless investigation, and much illegal evi-
dence be placed before the jury—evidence calculated to
produce on the minds of that body impressions which are
not easily eradicated.—Carlisle v. Hunley, 15 Ala. 623 ;
Florey v. Florey, 24 Ala. 247. But, in this case, where
the testimony objected to was not only *prima facie* irrele-
vant, but illegal, being the mere statement of a stranger
to the record, we think the statement should have gone
further, and shown such a state of facts, afterwards to be
proved, as would reasonably convince the court that the
legality of the testimony would be established. The same

rule governs a case of this character, as that which governs the introduction of secondary evidence.

The rule is settled in this State, that if illegal evidence be admitted, against the objection of the adversary, nothing less than an explicit direction to the jury to disregard such evidence will cure the error.—See authorities *supra*. It is here contended for appellees, that the court did instruct the jury to disregard the evidence we have been considering. We do not so understand the record. True, the court informed the jury, that "the mere fact of Daniel Walker having access to the books of J. B. Walker would not amount to a recognition by said Daniel of the entries as being correct." This was not a withdrawing of the evidence from the jury. It amounted to no more than an instruction to that body that one specified circumstance was not enough to connect Daniel Walker with the entries. The instruction should have been specific.

If the bill of exceptions contained evidence showing a recognition by Daniel Walker of the correctness of those entries, we would regard the erroneous action of the court as healed by such subsequent evidence; and the case would, on this point, be affirmed, on the doctrine of error without injury. The record contains no such evidence.

The charge of the court in reference to interest, is free from error, on the authority of Cheek v. Waldrum, 25 Ala. 152; Waring v. Henry & Mott, at the present term.

The judgment of the circuit court is reversed, and the cause remanded.