# Jordan *v.* The State.

### *Indictment for Murder.*

| | |
|---|---|
| 79 | 9 |
| 93 | 50 |
| 79 | 9 |
| 96 | 32 |
| 79 | 9 |
| 99 | 153 |
| 79 | 9 |
| 102 | 69 |
| 79 | 9 |
| 107 | 145 |
| 79 | 9 |
| 117 | 178 |
| 118 | 117 |
| 79 | 9 |
| 129 | 63 |
| 129 | 64 |
| 129 | 482 |

1. *Threats by defendant.*—A threat made by the defendant, a few minutes before the fatal difficulty, to kill " any body who hits M.," though having immediate reference to one R., who had just been quarreling with said M., is admissible as evidence against him, when it is shown that the deceased soon afterwards struck said M., and that the difficulty between him and the defendant at once ensued.

2. *Error without injury, in admission of evidence prima facie irrelevant.*—The admission of evidence which is at the time *prima facie* irrelevant, but the relevancy of which is disclosed during the further progress of the trial, is not a reversible error.

3. *Same; admission and subsequent exclusion of evidence.*—If evidence is improperly admitted, but afterwards excluded, the error is thereby cured; but the jury should be instructed, clearly and explicitly, to discard the evidence altogether.

4. *Impeaching witness.*—It is permissible for the defendant to prove the fact of a previous difficulty between himself and a witness for the prosecution, as tending to show ill-will, bias or prejudice on the part of the witness, and thereby discrediting him; but the particulars or merits of the difficulty can not be inquired into.

5. *Homicide by two persons.*—Where two persons are jointly indicted and tried for murder, and the evidence shows that one fired the fatal shot, while the other cut the deceased with a knife during the difficulty; the latter is not guilty of murder, unless the cut with the knife contributed to the death of the deceased, or unless preconcert or community of purpose between the two defendants is shown, rendering each liable for the acts of the other.

6. *Charge as to inference of malice from character of weapon.*—A charge which instructs the jury, " if they believe from the character of the weapon used that the shooting was with malice, then the defendant would be guilty of murder," authorizing the inference of malice from the character of the weapon used, without regard to the other circumstances in evidence, is erroneous.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendants in this case, Handy Jordan and Jule Jordan, were jointly indicted for the murder of Albert York, by shooting him with a pistol, or, as alleged in the second count, by cutting him with a knife; and being jointly tried on their several pleas of not guilty, and convicted of murder in the second

[Jordan v. The State.]

degree, were sentenced to imprisonment in the penitentiary, the former for ten, and the latter for seventeen years. On the trial, a bill of exceptions was reserved by the defendants, which purports to set out "the substance of all the evidence adduced." It was shown that the killing occurred on a Friday night in November, 1885, at a "dance" given at the house of one Williams; that the owner of the plantation had told Williams and the deceased, that they must maintain order at the dance; that one Mason Taylor, who was present, and under the influence of liquor, became noisy, and was taken out of the house by the deceased and one Raoul, about a quarter of an hour before the killing, and there had some angry words with Raoul; that a few minutes afterwards, the parties having all returned to the house, the deceased jerked Jule Jordan's pistol out of his pocket, and gave it to one Beasley, in an adjoining room, who afterwards returned it to Jule; that Mason Taylor, in getting out of the way of the deceased, who was dancing, trod on the dress of a woman, who thereupon remonstrated with him; that Taylor then said, pulling off his coat, "it seemed that everybody was down on him;" that the deceased then cursed Taylor, told him to "quit his fuss," and knocked him down; that Jule Jordan then said to the deceased, "You ought to be ashamed of yourself to strike Taylor that way;" to which the deceased replied, "Do you take it up?" or words to that effect, and was then jerked out of the room by his wife; but he soon returned, and, advancing towards Jule Jordan, was cut in the shoulder with a knife by Handy as he passed, and shot by Jule Jordan as they encountered each other. Some of the witnesses testified that the deceased had an oak staff in his hand, which he had picked up at the door when his wife pulled him out, while others testified that they commenced to scuffle with each other immediately after the above words spoken; and the evidence was conflicting as to many other particulars. The deceased died on the next Sunday night, from the effects of the pistol shot, as the physician testified.

It was shown that the deceased and said Jule Jordan resided on the same plantation on which Williams lived, at whose house the dance was given, while Handy Jordan lived on an adjoining plantation; "and that the deceased and the defendants were on friendly terms before the night of the difficulty." "The State offered to prove, by a witness who was' present at the time, that while said Mason Taylor and Raoul were quarreling and having their difficulty, Jule Jordan, who was present, and who had in his hand the pistol with which he afterwards shot the deceased, said, ' Any body who hits Mason Taylor, I'll put a light hole through;' or, ' Any body who hits Mason Taylor, I'll hit him.' Said Jule Jordan objected to

[Jordan v. The State.]

this testimony, but the court overruled the objection, and admitted the evidence; to which said Jule Jordan excepted." The court also admitted, against the objections of the defendants, declarations made by the deceased soon after the difficulty, in these words: "*I'm shot and cut: Handy cut me, and Jule shot me;*" to the admission of which declarations as evidence the defendants excepted. The bill of exceptions further shows that, on the introduction of other evidence, the court subsequently excluded these declarations from the jury. George Raoul was introduced as a witness on the part of the prosecution, and was asked, on cross-examination, whether he was on friendly terms with Handy Jordan; to which he answered, that he was. He was then asked by said Handy's counsel, if he had not, before the killing, had a difficulty with Handy about his (witness') wife; and several questions were asked, in different form, as to the cause or merits of that difficulty; all of which were disallowed by the court, on objection by the State, and the defendants excepted to each of these rulings. There were other rulings on evidence to which exceptions were reserved, but they require no particular notice.

The court gave the following (with other) charges to the jury: (1.) "If the jury believe from the evidence, beyond a reasonable doubt, that Handy Jordan cut the deceased with a knife, and did so with the intent to kill the deceased, or with intent to aid Jule Jordan in taking the life of the deceased, and not in self-defense, or defense of his brother from great bodily harm; then Handy Jordan would be guilty of murder, if the deceased was killed in said difficulty, in Montgomery county, and before the finding of this indictment." (3.) "If the jury believe from the evidence, beyond a reasonable doubt, that words had passed between the deceased and Jule Jordan; and that the deceased left the house, and immediately returned; and that as he was passing across the room, in the direction of said Jule Jordan, he was cut by Handy Jordan, and turned towards said Handy, and while in this position Jule Jordan shot him; then said killing was unlawful, and if the jury believe, from the character of the weapon used, that the shooting was with malice, said Jule Jordan would be guilty of murder in the second degree; and if said Handy Jordan was present, aiding and abetting the said Jule Jordan, he would be guilty of the same offense, if it occurred in this county, and before the finding of this indictment." To each of these charges the defendants separately excepted.

Thos. H. Watts, Jr., and Alex. Troy, for appellants.

Thos. N. McClellan, Attorney-General, for the State.

CLOPTON, J.—It may be conceded that the threat made by defendant, against " any body who hits Mason Taylor," had immediate reference to Raoul, between whom and Taylor there were, at the time, words and a difficulty ; and was *prima facie* inadmissible, under the general rule, that a threat to kill or injure one person is not admissible in evidence under an indictment charging the murder of another person. The threat, however, was not directed against Raoul by name, but had a general reference to any person who did the designated act. If evidence *prima facie* irrelevant, becomes relevant during the progress of the trial, its admission is not an error, which will work a reversal. The threat became relevant, on the introduction of testimony that deceased shortly thereafter struck Taylor, which resulted in bringing on the difficulty between the accused and the deceased. Whether the deceased came within the scope of the threat, and its probative force, were questions for the determination of the jury.—*Ford v. State*, 71 Ala. 385; *Harrison v. State*, 75 Ala. 5; Whar. Crim. Ev., § 756.

If there was error in admitting the dying declarations proved by the witness, Johnson, certainly the subsequent exclusion of the evidence was not erroneous. But, in such case, the court should endeavor, as far as practicable, to remove any unfavorable and erroneous impression which such evidence may have made, and should clearly and explicitly instruct the jury to disregard it altogether.—*Carlisle v. Hunley*, 15 Ala. 623.

The fact of a previous difficulty between the accused and a witness called by the prosecution, is admissible, as tending to show ill-will, bias, or prejudice, and to aid the jury in considering the weight to which the testimony of such witness is entitled; but it is not permissible to inquire into the cause of such difficulty. Such inquiry raises collateral issues, which are calculated to confuse the minds of the jury, and to divert their consideration from the real issue.

By one of the alternative propositions asserted in the first charge given at the request of the prosecution, the jury were substantially instructed, that the defendant Handy Jordan, if he cut the deceased with a knife, with the intent to kill, is guilty of murder. The proposition is, that the mere fact of cutting with the intent to kill constitutes murder, irrespective of any community of purpose, or of a malicious intent, or of the character and effect of the wound, or of any extenuating circumstances under which the defendant may have participated. It is conceded that, if Jule was in the wrong by bringing on the difficulty, the guilt or innocence of Handy depends on the same principles as if no relationship existed. Whether Handy is guilty of murder, depends either on the principle, that

[Jordan v. The State.]

where two or more persons preconcert to commit a felony, or to do an act unlawful in itself, each is responsible for the acts of any of the others, done in the prosecution of the common design ; or, if there be no community of purpose, on the rule, that where a third person voluntarily takes part in a pending difficulty, under circumstances which do not excuse, and kills, his guilt will be determined on the same principles as the guilt of the original parties. In the one case, community of purpose is essential to the liability of one of the accused for the act of the other. The actual perpetrator alone is responsible for an act having no connection with a common purpose. In the other case, the offense of Handy is separate and independent of that of Jule, the guilt of the former not being dependent upon the guilt of the latter. In such case, it is requisite that the wound inflicted by Handy shall have been mortal, the death of the deceased only being accelerated by the subsequent act of Jule. Without a preconcert to kill the deceased, or to do him great bodily harm, or unless the wound inflicted with the knife was fatal, or materially contributed to produce death, Handy can not be guilty of murder or manslaughter, unless he was present for the purpose of aiding or abetting Jule.

The record fails to disclose any evidence tending to show a preconcert, or the character of the wound inflicted by Handy ; but, conceding there is sufficient evidence to present either or both of these aspects of the case, the charge excludes from the consideration of the jury elements of the offense essential under the circumstances ; and makes Handy guilty of murder, though there was no preconcert, no malicious intent, and the cutting with the knife did not produce death, nor materially contribute thereto, and though the deceased was killed by Jule after the cutting.—*Frank v. State,* 27 Ala. 37 ; *Tidwell v. State,* 70 Ala. 33.

The third charge given at the request of the prosecution is, as to Handy, obnoxious to the same objections. It is erroneous as to Jule, in withdrawing from the consideration of the jury, on the question of malice, the circumstances of the killing, and authorizing its presumption from the character of the weapon used, without reference to the other circumstances.

As the defendants can not be convicted, on proper defense being made, of murder in the first degree on another trial, it is unnecessary to consider the charge relating to that offense.

Reversed and remanded.