# Howser v. The State.

*Indictment for Unlawfully Killing and Injuring Domestic Animals.*

1. *Unlawful killing of a hog; circumstantial evidence; conspiracy; charge to the jury.*—On a trial under an indictment for unlawfully killing a hog, where the only evidence as to the defendant's connection with the offense charged is circumstantial and the evidence for the State tended to show a conspiracy on the part of defendant and others to kill hogs belonging to the person named in the indictment, it was error to refuse to instruct the jury that defendant was not chargeable with anything which any other one named in the indictment may have done, unles, he advised, aided or abetted others in the commission of the offense, intending at the time to aid or encourage the commission of the offense.

2. *Same; same; same; same.*—In such a case, it was error to refuse to instruct the jury that though defendant and another threw the hog in controversy, over the fence sometime between 10 and 12 o'clock of the day on which the hog was found dead, and the hog was dead at the time it was thrown over the fence, defendant's participation in such action would not constitute him guilty of the offense charged, unless he had before that time killed the hog, or assisted in killing it, or aided or abetted, counselled or encouraged, some one or more in killing the hog.

APPEAL from the City Court of Bridgeport.

Tried before the Hon. S. W. TATE.

The appellant was indicted, tried and convicted for unlawfully and wantonly killing a hog. The facts of the case are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following, among other, written charges, and separately excepted to the court's refusal to give each of them as asked: (2.) "The court charges the jury that although the defendant stands indicted with others, that he is not chargeable with anything which any other one named in the indictment may have done unless he advised, aided or abetted others in the commission of the offense intending at the time by his word or act to aid or encourage the commission of the offense." (4.) "Even though the jury should believe that Thomas Howser and William Howser threw the hog in controversy over the fence sometime between 10 and 12 o'clock of the day on which the hog was found dead, and the hog was dead at the time it was thrown over the fence, the defendant's participation in the act of throwing the hog over the fence, would not constitute him guilty of the offense charged in this case, unless the jury believe beyond a reasonable doubt that he had before that time killed the hog or assisted in killing it, or aided or abetted, counselled or encouraged some one or more in killing the hog."

J. E. BROWN, for appellant, cited *Mattison v. State*, 55 Ala. 232; Wills' Circumstantial Evidence, page 46, § 3; Burrill's Circumstantial Evidence, p. 329; Code of 1886, § 3704; 1 Bishop's Crim. Law, (4th ed.), § § 366, 370.

WILLIAM C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—The indictment was founded on the statute (Criminal Code, 1886, § 3870'; Criminal Code of 1896, § 5091), directed against the unlawful killing, or disabling, or injuring certain domestic animals.

The evidence adduced on the trial of the case, tending to connect the defendant with the commission of the offense charged, was purely circumstantial. There was a tendency of a part of the evidence for the State to show that there was a conspiracy on the part of the de-

[Thomas v. The State.]

fendant and others to kill hogs belonging to the witness Green; or at least that the defendant was an aider or abettor in the killing. The charges requested by the defendant and refused by the court were directed to this phase of the case. When taken in connection with the evidence disclosed upon the trial, as shown in the bill of exceptions, the second and fourth charges asserted correct propositions of law and should have been given. *State v. Tally,* 102 Ala. 25; *Griffith v. State,* 90 Ala. 583; *Jordan v. State,* 79 Ala. 9; *Tidwell v. State,* 70 Ala. 33.

The ruling upon the evidence to which an exception was reserved, could not have been of prejudice to the defendant, since the only question to which the objection was sustained, was afterwards answered by the defendant himself, when examined as a witness.

Reversed and remanded.