# Scott v. The State.

### Indictment for Assault and Battery.

1. *Assault and battery; when battery shown to have been committed.*—Where one person seizes a gun in the hands of another person, and without legal excuse violently wrenches it from his hands, thereby injuring such person, he commits a battery; and such facts are sufficient to warrant a conviction under a charge of assault and battery with a gun.

2. *Same; relevancy of evidence.*—In a prosecution for an assault and battery with a gun, the fact that the person assaulted had abandoned his home and left the defendant, his son, in possession, and subsequently returned and set fire to the fences around the premises and committed a trespass, neither justifies nor mitigates the assault and battery committed on such person by the defendant; and evidence of these facts is irrelevant and inadmissible.

APPEAL from the County Court of Shelby.

Tried before the Hon. D. R. McMILLAN.

The appellant was indicted, tried and convicted for an assault and battery with a gun.

Upon the examination of John Scott, the person assaulted, after he had testified as to the assault, and that the defendant was his son, he was asked by the defendant's counsel, if he had not abandoned his family, and if, after the abandonment, he did not go back to the home place, where the defendant was living with his mother, and set fire to the fence around the plantation, and if he did not frequently go through the said plantation while the defendant was farming there, and leave the fences down and the crops exposed to cattle? The bill of exceptions recites that the solicitor "objected to the questions asked the witness, and the court sustained the objection and refused to allow the witness to answer the same." To this ruling the defendant duly excepted.

The defendant as a witness in his own behalf, testi-

fied, that at the time of the alleged assault, the said John Scott came to the field, at the home place where he, the defendant, was farming, and told him if he did not quit plowing there and get out of the field, that he would kill him, at the same time levelling a double-barrelled gun at him, and that thereupon he took the gun from his father's hands; but that there was no struggle, except that his father tried to hold the gun; and that he made no effort to strike the said John Scott. The defendant offered to show that John Scott had abandoned his family and left his wife and defendant in possession of the home place, and did the act inquired about by the questions asked the witness for the State, on his examination. The bill of exceptions recites: "The court refused to allow the defendant to offer evidence to prove said facts."

Upon the examination of all the evidence, the defendant requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: "If the jury believe the evidence, they will find the defendant not guilty."

W. S. CARY, for appellant, cited *Walker v. State,* 72 Ala. 17.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Curtis v. State,* 78 Ala. 12; *McDonald v. State,* 83 Ala. 46; *Lang v. State,* 97 Ala. 41.

COLEMAN, J.—The defendant was charged with an assault and battery upon John Scott, with a gun. The evidence tends to show, in fact shows, that the defendant seized hold of a gun, in the hands of John Scott, and without legal excuse, so far as appears in the record, violently wrenched it from his hands, tearing the flesh and causing it to bleed. The appellant insists that these facts do not sustain the charge of a battery, but show a variance between the charge and the proof. If the charge had been an assault by shooting at, or a battery by shooting John Scott with a gun, appellant's contention would have been correct. The charge, however, is an assault and battery with a gun. A criminal battery is committed whenever one person intention-

[Smith v. The State.]

ally and wrongfully inflicts personal injury upon another against his will by violence. Actual injury is not a necessary element of an unlawful battery.

The court did not err in excluding the evidence offered by the defendant to which an exception was reserved. The various acts offered to be proven, were no part of the *res gestae* of the assault and battery, were not competent in justification or mitigation. The general rule is that it is not permissible to prove other and particular acts not connected with the offense. Here the ill will was admitted.—*Curtis v. State*, 78 Ala. 12; *Carpenter v. State*, 98 Ala. 31; *Jordan v. State*, 79 Ala. 9. Pretermitting, however, the question of relevancy of the evidence, it does not appear that the objections were sufficiently specific and definite, and as there were some facts not relevant to which the objections related, the court did not err in sustaining the objections.

Affirmed.

