# Walker *v.* Gunnels.

*Assumpsit.*

(Decided June 30, 1914. Rehearing denied July 25, 1914.
66 South. 45.)

1. *Appeal and Error; Review; Theory of Case.*—Where the case is tried in the lower court on one theory, it will be treated on appeal upon that theory.

2. *Same; Harmless Error; Conduct of Attorney.*—Where the answer elicited nothing capable of exerting a prejudicial influence upon the jury, insinuation of counsel in a question to defendant that the excuse of defendant for a repeated failure to go with plaintiff's agent to estimate the value of the improvements, was a mere pretense, was harmless.

3. *Landlord and Tenant; Holding Over; Rent.*—Where a tenant holds over with the consent of his landlord, he is liable for the same rent reserved in the lease for the preceding year, not for a reasonable rent, and an ineffectual intervening negotiation for a sale makes no change.

4. *Same; Recoupment; Improvements.*—Where the tenant sought to recoup for improvements, evidence for the tenant that the ditching he did was reasonably worth $25, but not showing that that amount was reasonable, was not admissible.

5. *Same.*—The fact that the tenant had placed thirty loads of stable fertilizer on the land in the ordinary course of cultivation, was not an improvement for which he could claim a set off.

(Sayre, J., dissents in part.)

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Assumpsit by Mrs. Susan E. Gunnels against T. K. Walker. Judgment for plaintiff, and defendant appeals. Affirmed.

The third assignment of error is:

The court erred in sustaining appellee's objection to appellant's counsel asking him how much he paid for the ditching.

The following is charge 1 given for plaintiff:

The court charges the jury that defendant is not entitled to recoup or set off any amount in this case for

his own services in superintending the work that was
done on the land of defendant.

S. W. Tate, for appellant.   Where nothing was said
about the rent, it was left to the real value, and what
had been formerly paid could not be a criterion.   Coun-
sel discuss the other matters insisted on, but without
citation of authority.

Knox, Acker, Dixon & Sterne, for appellee.   Where
a tenant holds over with the consent of the landlord,
he becomes liable for the same rent and upon the same
terms as specified in the original lease.—*Rhodes F. Co.
v. Weedon & Dent,* 108 Ala. 252; *Robinson v. Holt,* 90
Ala. 115; *Woolf v. Woolf,* 69 Ala. 549.   The price paid
for an article is not the criterion of its value, and the
witness should have shown what the ditching done was
reasonably worth.   The ditching and the spreading of
fertilizer was not a permanent improvement.—22 Cyc. 5
Counsel discuss other matters, but without citation of
authority.

SAYRE, J.—Common assumpsit by appellee against
appellant for the rent of land during the year 1912.   It
appeared without dispute that defendant had rented the
same land for the year 1911 at a rental of $200, and
had held over with an understanding that he was to pur-
chase, but, some question arising as to plaintiff's abil-
ity to make title, the proposed purchase was abandoned
by mutual consent, and defendant remained in posses-
sion as plaintiff's tenant without, as defendant contend-
ed, any agreement as to what the rent for the current
year should be.   In this state of the case it was compe-
tent for plaintiff to prove what rent defendant had paid
for 1911, on the well-settled rule of law that a tenant
who holds over, with the express or implied consent of

[Walker v. Gunnels.]

his landlord, is liable for the same rate of rent as that reserved in the lease for the year before.—*Ames v. Schuesler,* 14 Ala. 600; *Rhodes Furniture Co. v. Weeden,* 108 Ala. 257. In the application of this principle to the case under consideration the intervening abortive negotiation for a sale made no change.—*Chamberlain v. Godfrey,* 50 Ala. 530.

Defendant did not deny that he had agreed to pay $200 as rent for the year 1911. He did deny any express statement as to the rent for 1912. His theory of the case seems to have been that he was liable for a reasonable rental only, and that in estimating such rental the chance of the seasons, the unprofitable results of his husbandry, and the fact that in 1910 plaintiff had rented the land to one Humphrey for a sum less than he (defendant) had paid in 1911, were circumstances that should be taken into consideration. In this defendant was in error. On the facts stated, and in the absence of a new agreement as to the amount of the rent to be paid, the law fixed his liability.—*Ames v. Schuesler, supra; Crommelin v. Thiess,* 31 Ala. 412, 70 Am. Dec. 499. This was the theory upon which the case was tried, and this will suffice to explain and justify several of the rulings assigned for error.

Under his pleas of set-off and recoupment defendant adduced evidence tending to show that plaintiff had agreed, upon the failure of the negotiation for a sale, to pay him for improvements he had put upon the land. At one point defendant testified that plaintiff agreed to make an allowance to him for work done upon the place as a credit upon the rent. It cannot be supposed that plaintiff assumed to pay defendant for work the latter had already done or might thereafter do in the way of raising a crop for his own benefit. The only reasonable interpretation of the agreement in this regard is that

plaintiff promised to pay defendant or allow him a credit for improvements he had made in anticipation of a purchase, and which contributed to the permanent value of the land. This, indeed, was, in substance, the interpretation the parties placed upon the agreement when they arranged for a joint visit to the premises for the purpose of estimating the value of what defendant had done.

The writer being disposed to sustain the third assignment of error, the court holds otherwise, and expresses its judgment in the following language, per McClellan, J.: "The defendant testified: 'The ditching that I did on the place was reasonably worth $25.' The succeeding recital of the bill is this: 'The defendant's counsel here asked him how much he had paid for the ditching.' Objection was sustained to this question; to which exception was reserved.

"Where the subject of inquiry as to value is not, as here, a thing having a market value susceptible of proof, evidence of the cost or price paid therefor is admissible upon the issue of value; provided the evidence of cost or price paid is shown to be reasonable.—*Sou. Ry. Co. v. Reeder,* 152 Ala. 227, 44 South. 699, 126 Am. St. Rep. 23. Where the competency of evidence depends upon some other or additional fact or matter, the court will not be in error in refusing to allow the evidence presented unless the other or additional fact or matter has already been shown, or there is an offer by the party proposing to introduce such conditionally admissible evidence, at the time it is offered, to show the fact or matter which would meet the condition.—*Wiswall v. Ross,* 4 Port. 321, 330; *Shields v. Henry,* 31 Ala. 53; *McGehee v. Mahone,* 37 Ala. 258, 264.

"In order to render testimony of the amount paid by defendant for the ditching in question admissible, it

[Walker v. Gunnels.]

was a condition precedent that he show, or offer to show that the sum paid was reasonable. This he did not do. The avowal that the ditching was reasonably worth the sum stated by him was not, as appears, the affirmation that the sum paid therefor by him was reasonable. The court did not err in disallowing the question indicated."

There was no error in excluding the defendant's evidence to the effect that he had placed 30 loads of stable manure on the land. This, so far as we can see, was in the ordinary course of cultivation, and did not constitute an improvement within the fair interpretation of the agreement between the parties.

The question put by plaintiff to defendant on cross-examination and made the basis of the seventh assignment of error was a mere argument, and carried the insinuation that defendant's excuse for failing time after time to go with Dr. Ligon, plaintiff's agent, to estimate the value of the improvements he claimed to have put upon the place, was a mere pretense. But it cannot be assumed that the attorney's innuendo worked harm to the defense. No doubt, the jury estimated it at its true worth. In the answer elecited nothing has been found capable of exerting a prejudicial influence upon the jury, and the assignment of error predicated on the allowance of the question must be held for naught.

Our interpretation of the agreement made between the parties, at the time the negotiation for a sale was dropped, for the compensation of defendant for work or improvements upon the place, leads to the conclusion that there was no error in giving of the charge No. I on plaintiff's request.

The discussion need not be prolonged. What we have said covers in principle all the errors alleged by appellant.

No reversible error is found, and the judgment will be affirmed.

Affirmed. All the Justices concur, except as above stated.