### PLYLAR v. JONES. (6 Div. 650.)

(Supreme Court of Alabama. April 27, 1922.)

1. Highways ⬤➡184(1)—Averment in action for collision that plaintiff was in road where he and public had a right to travel is sufficient to show he was not a trespasser on property of defendant.

In an action for an automobile collision, averments that plaintiff was operating his automobile in a road or highway which was used and traveled by the public, and over which plaintiff and the public had the right to travel, are sufficient to show that plaintiff was not a trespasser on the property of defendant, and that defendant owed him a duty to use due care not to injure him, notwithstanding the failure expressly to allege that the road was a public highway.

2. Damages ⬤➡113—Allegation plaintiff had been using automobile for transporting passengers for hire, and was deprived of its use, is proper.

In an action for damages to plaintiff's automobile, an allegation that plaintiff had been using the car in the business of carrying passengers for hire, and had been deprived of its use in that business, was proper, since the measure of damages was the reasonable market value or cost of the material and labor necessary to repair the automobile and the reasonable value of the use of the automobile during the time it was idle while being repaired.

3. Appeal and error ⬤➡1042(4)—Motion to strike allegations from complaint is not revisable.

The ruling of the court on the motion to strike certain allegations as to damages from the complaint is not revisable, since defendant can protect himself from improper damages by objecting to the evidence, and by special written charges.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action by B. G. Jones against George Plylar, for damages to person and property in an automobile collision. Judgment for plain-

tiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Count 1, as amended, is in words and figures as follows:

The plaintiff, B. G. Jones, claims of the defendant, George Plylar the sum of $1,000 as damages for this, that on, to wit, October 19, 1919, said defendant was operating or driving an automobile on a road or highway which was used and traveled over by the public and over which the plaintiff and the public had a right to travel, in or near the town of Parrish, Walker county, Ala.; that on said date the plaintiff was driving or operating his automobile on said road or highway at said place; that prior to and at the said time plaintiff's automobile had been and was being used as a commercial automobile and had been and was being used by the plaintiff in the business of carrying passengers for hire and that said defendant at said time and place negligently ran the said automobile which he was driving or operating along said road or highway into or against plaintiff's automobile, and as a proximate result thereof plaintiff's said automobile was greatly broken, bent, bruised, injured, and damaged, plaintiff was caused thereby to pay out or become liable for large sums of money for parts and repairs for his said automobile, and has been or will continue to be deprived of the use of his said automobile in his said business for a long period of time, and thereby caused to lose much money. And plaintiff avers that he received all of the said injuries and damages as a proximate result of defendant's said negligence.

The third count of the complaint is the same as the first, except damages for personal injuries are claimed.

Among other grounds of demurrer assigned to these counts of the complaint as amended are the following:

(4) The facts alleged do not show what duty, if any, the defendant owed to the plaintiff at the time of the alleged injury.

(10) It is not alleged in said complaint that the plaintiff at the time of the alleged injury was in a public highway or place where he had a right to be.

(11) The allegations of said complaint show that the plaintiff at the time of the alleged injury was not traveling in a public highway or other place where he had a right to be.

(12) For aught that appears from the allegations of said complaint the plaintiff was traveling a private road on the premises of the defendant, and the defendant would not be liable to him for simple negligence.

(13) Unless the plaintiff was traveling a public highway or other place where he had a right to be, which is not shown by said complaint, the defendant would not be liable for simple negligence claimed in said complaint.

L. D. Gray, of Jasper, for appellant.

Counts 1 and 3 of the complaint were subject to the demurrers interposed. 93 Ala. 26, 9 South. 458; 1 Ala. App. 595, 55 South.

1023; 124 Ala. 349, 27 South. 455; 164 Ala. 73, 51 South. 365, 137 Am. St. Rep. 25; 174 Ala. 657, 56 South. 1013; 171 Ala. 251, 55 South. 170; 133 Ala. 373, 32 South. 135; 129 Ala. 399, 29 South. 798; 103 Ala. 136, 15 South. 508; 122 Ala. 487, 26 South. 168; 113 Ala. 640, 21 South. 357. The court should have granted the motion to strike the allegation of damages. 89 Ala. 577, 8 South. 39; 94 Ala. 626, 10 South. 333; 93 Ala. 227, 9 South. 389; 105 Ala. 493, 17 South. 32, 53 Am. St. Rep. 139.

Lacy, Lacy & Shepherd, of Jasper, for appellee.

Counts 1 and 3 were in all respects sufficient. 204 Ala. 658, 86 South. 541. The court did not err in refusing to strike. 152 Ala. 277, 44 South. 592.

MILLER, J. B. G. Jones sues George Plylar to recover damages suffered by him personally and for injuries to his automobile from a collision between their automobiles. There was judgment for plaintiff, and defendant appeals. There is no bill of exceptions. The appeal is on the record.

Demurrers were overruled to counts 1 and 3 as amended of the complaint, and these rulings are assigned as errors. These counts charge simple negligence.

[1] Each count avers that defendant negligently ran his automobile into plaintiff's automobile, causing the injury, while plaintiff was operating his automobile in "a road or highway which was used and traveled over by the public and over which plaintiff and the public had the right to travel, in or near the town of Parrish." These counts aver that plaintiff had a right to travel where he was injured; that it was in a road or highway traveled over by the public, and where the plaintiff and the public had the right to travel. This is sufficient to show that plaintiff was not a trespasser at the time on the property of the defendant, and that a duty was owed him by the defendant to use due care not to injure him there. Ala. Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 South. 541. These counts aver the injury occurred in a road or highway used and traveled by the public, and over which the plaintiff and public had a right to travel. Under this averment defendant owed plaintiff the duty not to negligently injure him or his property there. These counts aver a negligent breach of that duty by the defendant, and one count avers plaintiff's automobile, and the other count that his person, was injured as a proximate result thereof. These counts are sufficient under demurrers, and the court did not err in overruling them. Ala. Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 South. 541.

[2] The court did not err in refusing the motion of the defendant to strike the following words from counts 1 and 2 of the complaint:

"That prior to and at the time said plaintiff's automobile had been and was used by plaintiff in the business of carrying passengers for hire," and "has been and will continue to be deprived of the use of his said automobile in his said business for a long period of time and thereby caused to lose much money."

It avers the automobile injured was being used by plaintiff in the business of carrying passengers for hire. In a case like this the measure of damages would be what would remunerate the plaintiff for the reasonable market value or reasonable cost of the material and labor made necessary by the injury to repair the automobile, and what would remunerate the plaintiff for the reasonable market value of the use or hire of the automobile during the time it was idle, reasonably necessary to make the repairs and fix it for running as it was before the injury. So. Ry. Co. v. Reeder, 152 Ala. 227, headnotes 7 and 8, 44 South. 699, 126 Am. St. Rep. 23; Walker v. Gunnels, 188 Ala. 209, 66 South. 45.

[3] Plaintiff by averments in the counts seeks to recover these elements of damages, and the motion to strike a part of them from the counts was properly refused. Moreover, this motion is not revisable, because the defendant can protect himself from improper damages by objecting to the evidence and by special written charges. Vandiver & Co. v. Waller, Adm'r., 143 Ala. 411, 39 South. 136.

Finding no error in the record, the case is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.